THE PEOPLE OF THE STATE OF NEW YORK ex rel. SHEFFIELD FARMS Co., INC., Appellant, against JOSEPH LILLY et al., Constituting the Tax Commission of the City of New York, Respondents. (Taxes of 1939-40, 1941-42, 1942-43 and 1943-44.)

Argued April 15, 1946; decided May 29, 1946.

*Harris Jay Griston* for appellant. I. The obtaining of the writ and its service on the Tax Commission were in full compliance with the order granting it, which order was granted in accordance with the then settled law, by a court of competent jurisdiction, and which order has never been vacated or modified, and it is binding, even if it now be considered that one of its provisions was erroneous. (*People ex rel. Taber Prang Art Co.* v. *Wells,* 39 Misc. 602; *People ex rel. Syperrek* v. *McAdoo,* 125 App. Div. 673; *People ex rel. Warren* v. *Purdy,* 177 N. Y. S. 45, affd. *sub nom. Matter of Warren* v. *Bd. of Taxes and Assessments*

*of City of N. Y.,* 171 App. Div. 936; *People ex rel. Thompson* v. *Feitner,* 168 N. Y. 441; *People ex rel. Norchester Corp.* v. *Miller,* 263 App. Div. 83; *Lyon* v. *Richmond,* 2 Johns Ch. 60; *Newburgh Sav. Bank* v. *Town of Woodbury,* 173 N. Y. 55; *Lawrence* v. *Denham Co.,* 64 Misc. 189; *Jacobs* v. *Morange,* 47 N. Y. 57; *Doll* v. *Earle,* 59 N. Y. 638; *People* v. *Sturtevant,* 9 N. Y. 263.) II. Even though the order may have granted petitioner erroneous relief, that error did not deprive the court of jurisdiction to make the order, nor destroy its enforcibility. (*People ex rel. House of Reeve* v. *Goldfagle,* 256 App. Div. 849; *Matter of Kahn* v. *National City Bank of N. Y.,* 258 App. Div. 632; *People* v. *Sturtevant,* 9 N. Y. 263; *People ex rel. Gaynor* v. *McKane,* 78 Hun 154; *Baker* v. *Stephens,* 10 Abb. Prac. [N. S.] 1; *Jacobs* v. *Morange,* 47 N. Y. 57.) III. The order obtained here on October 24, 1939, is binding, and protects the acts of the parties thereunder, unless the order had been either reversed on appeal, or vacated by a direct attack on the order itself. This was not done. (*Buffalo & State Line R. R. Co.* v. *Board of Supervisors of Erie County,* 48 N. Y. 93.)

*John J. Bennett, Corporation Counsel* (*Richard L. Baltimore, Jr.,* and *Leo Brown* of counsel), for respondents. The writ for the tax year 1939–40 was properly dismissed. (*People ex rel. Northchester Corp.* v. *Miller,* 288 N. Y. 163; *People ex rel. Savory, Inc.,* v. *Plunkett,* 295 N. Y. 180.)

*Per Curiam.* The Appellate Division order here appealed from, while it is in part a reversal and while stated therein to be a modification on the facts and the law, and while it strikes out the Special Term findings of fact, does not set forth any new findings of fact. Accordingly, we are required by section 602 of the Civil Practice Act to presume that the questions of fact were not considered by the Appellate Division. We must, therefore, treat the Appellate Division order as being a determination on the law only. So much of that order as affirms the dismissal on the law of the 1939–40 writ is correct, since service on the city was not made within the time limited by section 166 of the New York City Charter. As to the other three tax years, since the record contains testimony supporting the Special Term findings of fact, reversal of that part of the order, on the law, was not warranted. We must, therefore,

as to so much of the order appealed from as concerns the tax years 1941–42, 1942–43 and 1943–44, " remit the case to the appellate division for determination upon the questions of fact raised in that court " (Civ. Prac. Act, § 606).

The order should be affirmed, with costs, so far as it concerns the 1939–40 assessment; otherwise remitted to the Appellate Division for resettlement, so as to state the court's determination on the facts as to the other three tax years, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Ordered accordingly.