In the Matter of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property Required for the Brooklyn-Battery Tunnel Plaza, etc., in the Borough of Manhattan. 890 BROADWAY CORPORATION, Respondent.

Argued January 4, 1950; decided March 2, 1950.

*John P. McGrath, Corporation Counsel* (*Bernard H. Friedman, Harry E. O'Donnell* and *Reuben Levy* of counsel), for appellant.

*Nathan L. Goldstein* for respondent.

LOUGHRAN, Ch. J. In this condemnation proceeding, the City of New York has appealed from an order of the Appellate Division which modified on the law and the facts an order whereby Special Term awarded damages for two parcels of land therein designated as Damage Parcels Nos. 84 and 87. These parcels are contiguously situated in lower Manhattan and were taken by the city for use as part of the Brooklyn-Battery Tunnel Plaza.

Special Term in its decision made after trial fixed the damages in respect of both parcels as follows: Land $193,985, improvements $30,000; total $223,985.

Claimant appealed to the Appellate Division. In the recitals of its order, that court referred to the land and building valuations as Special Term had separately stated them but in the decretal portion of its order, without referring to such separate valuations, gave only these directions:

" ORDERED AND ADJUDGED that the final decree so appealed from be and the same hereby is modified, on the facts and the law, by increasing the amount of the award * * * to the sum of $290,000, and as so modified, the final decree be and the same is hereby affirmed * * * and it is further unanimously ORDERED that the finding of fact contained in the decision of the Court at Special Term * * * awarding the total sum of $223,985 for Damage Parcels Nos. 84 and 87, be and the same hereby is reversed; and in lieu thereof, this Court hereby finds and awards the total sum of $290,000 for Damage Parcels Nos. 84 and 87. "

In other words, the Appellate Division reversed only the finding of total valuation made by Special Term and substituted one new finding which increased that valuation to $290,000. The order of the Appellate Division, however, does not specify whether such increase had relation to the land value or to the value of the improvements or to both.

Section 602 of the Civil Practice Act requires the Appellate Division to specify the grounds upon which a reversal or modification is made and, so far as material here, provides: " 2. If the determination is stated to be upon the facts, or upon the law and the facts, the order shall also (a) specify the findings of fact which are reversed or modified, and (b) set forth any new findings of fact made by the appellate division with such particularity as was employed for the statement of the findings of fact in the court of original instance * * *. If the order of the appellate division does not comply with the requirements of this section, the court of appeals shall presume that the questions of fact were not considered by the appellate division."

Thus section 602 requires us here to presume that the questions of fact were not considered by the Appellate Division (*People ex rel. Sheffield Farms Co.* v. *Lilly,* 295 N. Y. 354). The award must, therefore, be taken to have been increased as matter of law, although the only issue before the Appellate Division was one of fact as to value. Of course, the record contains some evidence which supports the award as made by Special Term and consequently we are bound to reverse the order appealed from and to remit the case to the Appellate Division for disposition of the questions of fact raised in that court. (Civ. Prac. Act, § 606.)

The order of the Appellate Division should be reversed, with costs, and the matter remitted to that court for determination, as it may be advised, of the questions of fact involved herein.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order reversed, etc.