In the Matter of EMIL LUBLIN et al., Appellants, against WILLIAM E. BOXLAND et al., Constituting the Tax Commission of the City of New York, Respondents.

First Department, June 21, 1960.

*Aaron H. Shaffer* of counsel (*Bowitz & Shaffer*, attorneys), for appellants.

*Morris Einhorn* of counsel (*Morris Handel* with him on the brief; *Charles H. Tenney, Corporation Counsel*, attorney), for respondents.

MCNALLY, J. Petitioners appeal from a final order reducing real estate tax assessments for the tax years 1942–43 through 1953–54 on petitioners' real property located at 676 Eighth Avenue (Block 1014, Lot 62), Borough of Manhattan, City of New York.

The following tabulations contain the assessments, Special Term's findings and the values fixed by the respective experts:

## LAND

| Tax Year | | Assessment | Special Term | Petitioners | Respondents |
|---|---|---|---|---|---|
| 1942–43 | ............. | $93,000 | $86,000 | $67,000 | $106,000 |
| 1943–44 | ............. | 90,000 | 86,000 | 67,000 | 106,000 |
| 1944–45 | ............. | 86,000 | 86,000 | 67,000 | 106,000 |
| 1945–46 | ............. | 86,000 | 86,000 | 67,000 | 106,000 |
| 1946–47 | ............. | 86,000 | 86,000 | 67,000 | 108,000 |
| 1947–48 | ............. | 86,000 | 86,000 | 67,000 | 108,000 |
| 1948–49 | ............. | 93,000 | 90,000 | 67,000 | 111,000 |
| 1949–50 | ............. | 93,000 | 90,000 | 67,000 | 111,000 |
| 1950–51 | ............. | 93,000 | 90,000 | 67,000 | 114,000 |
| 1951–52 | ............. | 93,000 | 90,000 | 67,000 | 114,000 |
| 1952–53 | ............. | 93,000 | 93,000 | 67,000 | 116,000 |
| 1953–54 | ............. | 93,000 | 93,000 | 67,000 | 116,000 |

## BUILDING

| Tax Year | | Assessment | Special Term | Petitioners | Respondents |
|---|---|---|---|---|---|
| 1942–43 | ............. | $5,000 | $3,000 | $3,000 | $6,000 |
| 1943–44 | ............. | 7,000 | 4,000 | 3,000 | 7,000 |
| 1944–45 | ............. | 7,000 | 4,000 | 3,000 | 8,000 |
| 1945–46 | ............. | 7,000 | 4,000 | 3,000 | 9,000 |
| 1946–47 | ............. | 7,000 | 4,000 | 3,000 | 10,000 |
| 1947–48 | ............. | 7,000 | 4,000 | 3,000 | 11,000 |
| 1948–49 | ............. | 12,000 | 7,000 | 3,000 | 14,000 |
| 1949–50 | ............. | 12,000 | 7,000 | 3,000 | 14,000 |
| 1950–51 | ............. | 12,000 | 7,000 | 3,000 | 14,000 |
| 1951–52 | ............. | 12,000 | 7,000 | 3,000 | 14,000 |
| 1952–53 | ............. | 12,000 | 7,000 | 3,000 | 14,000 |
| 1953–54 | ............. | 12,000 | 7,000 | 3,000 | 14,000 |

## TOTAL VALUE

| Tax Year | | Assessment | Special Term | Petitioners | Respondents |
|---|---|---|---|---|---|
| 1942–43 | ............. | $98,000 | $89,000 | $70,000 | $112,000 |
| 1943–44 | ............. | 97,000 | 90,000 | 70,000 | 113,000 |
| 1944–45 | ............. | 93,000 | 90,000 | 70,000 | 114,000 |
| 1945–46 | ............. | 93,000 | 90,000 | 70,000 | 115,000 |
| 1946–47 | ............. | 93,000 | 90,000 | 70,000 | 118,000 |
| 1947–48 | ............. | 93,000 | 90,000 | 70,000 | 119,000 |
| 1948–49 | ............. | 105,000 | 97,000 | 70,000 | 125,000 |
| 1949–50 | ............. | 105,000 | 97,000 | 70,000 | 125,000 |
| 1950–51 | ............. | 105,000 | 97,000 | 70,000 | 128,000 |
| 1951–52 | ............. | 105,000 | 97,000 | 70,000 | 128,000 |
| 1952–53 | ............. | 105,000 | 100,000 | 70,000 | 130,000 |
| 1953–54 | ............. | 105,000 | 100,000 | 70,000 | 130,000 |

The property is located on the east side of Eighth Avenue, between 42d and 43d Streets, approximately 20 feet south of 43d Street. The plot has a frontage of 20 feet 1 inch and a depth of 80 feet. The property is in a retail use zone.

The property was purchased by petitioners for $35,000 in November, 1941. During the tax years in issue, the assessments ranged from $93,000 to $105,000, as above indicated.

It is petitioners' contention that the purchase price of the property, as well as other open market sales of property on Eighth Avenue in the very same block, indicates much lower values than were found by Special Term.

Petitioners' expert analyzed the plot as containing .84 unit lots. Respondents' expert claimed the plot equaled .85 unit lots.

The plot is improved with a four-story, brick, converted old law tenement containing a bookstore at the street floor, an employment office on the second floor, and a five-room railroad flat on each of the third and fourth floors. The building was erected prior to 1885.

A joint trial was had with reference to the premises and 672 Eighth Avenue, also owned by petitioners, which involved the same issues. Although each property was the subject of a separate proceeding, Special Term, on consent, tried both cases together because of the common ownership of the properties, their location only 20 feet apart in the same block, and the testimony of the same witnesses being involved on each parcel.

The property at 672 Eighth Avenue is about the same size as the parcel under review, which has a frontage of 20 feet 1 inch and a depth of 80 feet. It does not, however, qualify for any corner or key increment. The experts on both sides agreed that the unit lot content was .70 unit lots.

672 Eighth Avenue was purchased in 1938 for $48,100. The tax years in issue for 672 Eighth Avenue included all the tax years in issue for 676 Eighth Avenue, plus three earlier years, 1939–40 to 1941–42.

The determination of Special Term on 676 Eighth Avenue, involved on this appeal, reduced the land assessments in the aggregate of $23,000 for the 12 years involved. The determination of Special Term on 672 Eighth Avenue reduced the land assessments in the aggregate of $319,000 for the 15 years involved.

In our opinion, the purchase of the property under review for $35,000, the other sales in the same block, and the determination made as to 672 Eighth Avenue, together with the testimony of relative values as to 672 and 668 Eighth Avenue

and the property here involved given by respondents' expert, justify lower values than were fixed by Special Term.

As previously stated, the subject property was purchased in November, 1941 for $35,000. The $98,000 assessment was fixed as of January 25, 1942. Excluding the northeast corner of 42d Street and Eighth Avenue, since the property can be properly considered as 42d Street property, there are only six individual properties in the blockfront on the easterly side of Eighth Avenue between 42d and 43d Streets.

Petitioners introduced sales of four other parcels in the same blockfront. Three of these sales occurred during the tax years under review; the fourth, shortly before. These four sales, together with the sale of the subject property, cover five out of the six parcels in the blockfront, the only parcel not accounted for being 670 Eighth Avenue.

Petitioners also introduced several other sales on Eighth Avenue opposite the property under review and taken together the petitioners' sales averaged approximately $66,000 a unit lot.

Respondents offered testimony of a group of nine sales. Five of these were of properties on 42d or 43d Streets. Three of them included a sale and leaseback transaction, a sale of a hotel property and a sale of a parcel south of 42d Street. The other sale was of premises located at 701–707 Eighth Avenue, which indicated a unit lot price of $98,800.

Petitioners' expert adopted a unit lot value of $80,000 for the property under review. Based on a unit of $80,000 a lot, his appraisal for the land was $67,000.

Respondents' expert testified to a unit lot value of $125,000 for 1942–43 and for several subsequent years. He then testified to an increase to $137,000 for 1953–54.

Special Term's determination reflects a unit land value of $102,000 for the tax years 1942–43 through 1947–48; $107,000 for 1948–49 through 1951–52; and $110,000 for 1952–53 and 1953–54. Such values are not supported by the evidence.

The plot under review is 20 feet 4 inches from the 43d Street corner. The parties are in agreement that the first 4 feet 8 inches of the lot may be considered as if part of a corner lot 25 feet wide, and the balance of the lot, or 15 feet 5 inches, as part of the key lot. Since the lot is only 80 feet deep, both sides agree all basic units as well as increments are subject to adjustment for depth. This is done by multiplying by 87.73% (the Hoffman-Neil rule factor).

In computing the unit lots herein, only two factors are variable; the increment to be allowed for the corner, and the

increment to be allowed for the key. Petitioners contend for and respondents do not oppose a 50% increment for the corner. Petitioners claim 10% and respondents contend for a 15% increment for the key.

Under the circumstances, we find and apply 50% corner increment to 4 feet 8 inches and 15% for the balance of 15 feet 5 inches. Making the adjustment referred to above for depth, and bearing in mind that although petitioners concede this is essentially a land case only total assessments may be reviewed (Real Property Tax Law, § 502, subd. 3 [formerly Tax Law, § 21, subd. 3]), we find the evidence indicates the value for the years under review to be as follows:

| Tax Year | Total | Land | Building |
|---|---|---|---|
| 1942–43 | $77,000 | $74,000 | $3,000 |
| 1943–44 | 78,000 | 74,000 | 4,000 |
| 1944–45 | 78,000 | 74,000 | 4,000 |
| 1945–46 | 78,000 | 74,000 | 4,000 |
| 1946–47 | 78,000 | 74,000 | 4,000 |
| 1947–48 | 78,000 | 74,000 | 4,000 |
| 1948–49 | 84,000 | 77,000 | 7,000 |
| 1949–50 | 84,000 | 77,000 | 7,000 |
| 1950–51 | 84,000 | 77,000 | 7,000 |
| 1951–52 | 84,000 | 77,000 | 7,000 |
| 1952–53 | 86,000 | 79,000 | 7,000 |
| 1953–54 | 86,000 | 79,000 | 7,000 |

(*Matter of City of N. Y.* [*Brooklyn-Battery Tunnel Plaza*], 300 N. Y. 331.)

The final order should be modified, on the law and on the facts, accordingly, and, as so modified, affirmed, with costs.

BREITEL, J. P., VALENTE, STEVENS and BASTOW, JJ., concur.

Final order unanimously modified, on the law and on the facts, fixing the assessments for the years in question as follows:

| Tax Year | Land | Building | Total |
|---|---|---|---|
| 1942–43 | $74,000 | $3,000 | $77,000 |
| 1943–44 | 74,000 | 4,000 | 78,000 |
| 1944–45 | 74,000 | 4,000 · | 78,000 |
| 1945–46 | 74,000 | 4,000 | 78,000 |
| 1946–47 | 74,000 | 4,000 | 78,000 |
| 1947–48 | 74,000 | 4,000 | 78,000 |
| 1948–49 | 77,000 | 7,000 | 84,000 |
| 1949–50 | 77,000 | 7,000 | 84,000 |
| 1950–51 | 77,000 | 7,000 | 84,000 |
| 1951–52 | 77,000 | 7,000 | 84,000 |
| 1952–53 | 79,000 | 7,000 | 86,000 |
| 1953–54 | 79,000 | 7,000 | 86,000 |

and, as so modified, affirmed, with $20 costs and disbursements.

Settle order.