■ NICHOLAS DARROW, Appellant, v. "JOHN" ROMAN, Respondent.— The determination of the Appellate Term, affirming the final order of the Municipal Court of the City of New York, Borough of Manhattan, Second District, entered on August 27, 1959, dismissing the petition, unanimously reversed, on the law and on the facts, with costs to landlord appellant, and final order directed awarding possession of the premises to the landlord appellant. The landlord's testimony as to the assault is uncontradicted and not inherently improbable. (*Woodson* v. *New York City Housing Auth.*, 10 N Y 2d 30.) The evidence established conduct on the part of the tenant interfering substantially with the comfort and safety of the landlord within the meaning of section 5 (subd. 1, par. [b]) of the Emergency Housing Rent Control Law (L. 1950, ch. 250, as amd.) and subdivision 2 of section 52 of the State Rent and Eviction Regulations. Under the provisions of subdivision 2 of section 584 of the Civil Practice Act, we should, on the appeal from a judgment rendered by the court without a jury, unless we affirm, grant the judgment which the court below ought to have granted. (*Bernardine* v. *City of New York*, 294 N. Y. 361, 366; *York Mtge. Corp.* v. *Clotar Constr. Corp.*, 254 N Y. 128; *Lamport* v. *Smedley*, 213 N. Y. 82; *Leonard* v. *Frantz Co.*, 268 App. Div. 144, 148; 9 Carmody-Wait, New York Practice, § 177, p. 603, and cases cited therein.) Settle order on notice. Concur — Rabin, J. P., Valente, McNally and Eager, JJ.

■ In the Matter of 666 FIFTH AVENUE CORP., Appellant-Respondent, v. TAX COMMISSION OF THE CITY OF NEW YORK, Respondent-Appellant.— Final order, entered on April 22, 1960, reducing assessments for the tax years 1957–1958, 1958–1959, 1959–1960, unanimously reversed, on the law and on the facts, and assessments for said years in the amounts of $8,000,000, $32,000,000 and $32,500,000, respectively, reinstated, with $20 costs and disbursements to respondent-respondent-appellant. There is ample evidence in the record to show that land values were higher than in the period previously reviewed in *Matter of 666 Fifth Corp.* v. *Tax Comm. of City of New York* (5 A D 2d 988, affd. 5 N Y 2d 1013). Further, the trial court found the value of the building to be in excess of the building assessment, but held "the building assessment will not be disturbed." We find the record sustains the total assessments which is the subject of our review. (Real Property Tax Law, § 502, subd. 3 [formerly Tax Law, § 21, subd. 3]; *Matter of City of New York* [*Brooklyn-Battery Tunnel Plaza*], 300 N. Y. 331.) Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.