JOSEPH AXELROD et al., Appellants, *v.* EDGAR KRUPINSKI et al., Respondents.

Argued February 28, 1951; decided April 12, 1951.

*Ralph Stout* and *Bernard Braun* for appellants. I. Upon the evidence the question of defendants' negligence was one of fact; and the court below erred in dismissing the complaint upon the ground that there was no evidence of actionable negligence. (*Osipoff* v. *City of New York*, 286 N. Y. 422; *De Wald* v. *Seidenberg*, 297 N. Y. 335; *Amend* v. *Hurley*, 293 N. Y. 587; *Payne* v. *City of New York*, 277 N. Y. 393; *O'Neill* v. *City of Port Jervis*, 253 N. Y. 423; *Wood* v. *Socony-Vacuum Oil Co.*, 259 App. Div. 1106.) II. The owner of the car was not a passenger therein at the time of the accident, and defendants are, therefore, responsible to her in any event for their negligent conduct. (*Mills* v. *Gabriel*, 259 App. Div. 60.)

*Walter L. Glenney* for respondents. I. No negligence of defendant driver was the proximate cause of the accident. II. Plaintiff driver was not free from contributory negligence. (*Brown* v. *Associated Operating Co.*, 165 App. Div. 702; *Hudson* v. *Church of Holy Trinity*, 250 N. Y. 513; *Rohrbacher* v. *Gillig*, 203 N. Y. 413; *Piper* v. *New York Central & H. R. R. R. Co.*, 156 N. Y. 224.) III. The findings that defendant driver was negligent and that plaintiff driver was free from negligence are contrary to law.

FROESSEL, J. Plaintiffs, husband and wife, recovered a judgment for damages arising out of an automobile accident. The husband sued for personal injuries. The wife, owner of the car operated by the husband, claimed property damages.

The accident occurred at about 34th Street on the West Side Highway, an elevated expressway in New York City, when plaintiffs' car came in contact with defendants' automobile. It appears from the evidence favorable to plaintiffs that the husband was operating his wife's automobile in a southerly direction at a moderate rate of speed and in a reasonable manner, driving in the extreme right-hand lane of this highway; that the operator of a motor vehicle immediately ahead of him suddenly swerved out into the middle lane, whereupon plaintiff was confronted with defendants' car (owned by defendant MacRae, who was not a passenger, and operated by defendant Krupinski), which was parked in the roadway; plaintiff was unable to avoid the ensuing collision. Defendant Krupinski, who is an accountant, in answer to plaintiff husband's inquiry as to why he was there, replied: " ' Just parked.' "

According to Krupinski's claim, he had engine trouble; after waiting about five minutes he went some six blocks to the 40th Street exit to telephone for assistance to his father-in-law, the owner of the car he was driving; the latter lived in Flushing, some ten or more miles distant. Krupinski was absent for about twenty or twenty-five minutes on this errand, leaving his wife, baby and mother-in-law in the car, and returned just in time to see the accident.

His wife and her mother, who could testify to very little concerning the actual facts of the accident, stated they were very nervous while they waited for him because of the constant traffic. It is clear that, although Krupinski's passengers remained in the car, it was otherwise left unattended for the entire period of his absence while heavy traffic conditions obtained, and no attempt was made to signal or warn others approaching of the obstruction thus created.

Upon this record the Appellate Division erred in holding, as a matter of law, that defendants had been guilty of no actionable negligence (see *Greenstein* v. *Kahan*, 298 N. Y. 784). One who " parks " his car on an express highway ought reasonably to foresee possibility of danger. If Krupinski was indeed

" ' Just parked ' " he was simply foolhardy; if he was in diffi-culty, he should have made some effort to guard against such a foreseeable accident as occurred here, as, e.g., he might have requested his wife or mother-in-law, who were twenty-four and fifty years of age, respectively, to give some adequate warn-ing to approaching motorists while he sought for prompt nearby aid or otherwise arranged for such aid while he gave warning, but he did nothing in this respect. He simply left the car for the better part of half an hour to summon aid from Flushing. Whether he exercised the care that a reasonably prudent person should have under all the circumstances was a question of fact. Moreover, even though it should be determined that Krupinski and plaintiff husband were both negligent, plaintiff wife may nevertheless be entitled to recover (*Mills* v. *Gabriel,* 259 App. Div. 60, affd. 284 N. Y. 755).

However, inasmuch as the Appellate Division failed to comply with subdivision 2 of section 602 of the Civil Practice Act, its decision must be treated as one on the law, and the case must therefore be remitted to that court for its determination on the facts (*Matter of City of New York* [*Brooklyn-Battery Tunnel Plaza*], 300 N. Y. 331; *Rubin* v. *Prudence Bonds Corp.,* 297 N. Y. 250; Civ. Prac. Act, § 606).

The judgment of the Appellate Division, reversing the judg-ment of Trial Term on the law and dismissing the complaint should be reversed, without costs, and the case remitted to the Appellate Division " for determination upon the questions of fact raised in that court " (Civ. Prac. Act, § 606). Costs in the Appellate Division to abide the event.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgment reversed, etc.