VERONICA GONYO, Appellant, v. WALTER HEWSON et al., Respondents. — Appeal from a judgment of the Supreme Court, entered on a verdict of no cause of action and from an order denying plaintiff-appellant's motion to set aside the verdict and for a new trial. At about 9:00 o'clock in the morning of February 12, 1955, an automobile operated by defendant Hewson and owned by defendant Automotive Rentals was proceeding in an easterly direction along U. S. Route No. 11 about five miles westerly of Mooers Forks, Clinton County, New York. Hewson's wife and baby girl were passengers in the car. The weather was very bad; it was snowing and blowing and visibility was poor. The Hewson car got stuck in a snowdrift on the highway. Within a few minutes thereafter, the car was struck in the rear by an automobile owned and operated by defendant Havington. Havington's wife, two other women and one man were passengers in that car. Because of the blinding snow squalls, Havington did not see the Hewson car until it was too late to avoid the collision. The bumpers of the two cars were locked together and, with the help of one Beckett, the male passenger in the Havington car, both drivers attempted to unlock the bumpers and free the cars. They were not successful. Beckett then left for a nearby farmhouse to get help, and the drivers continued to try to separate the two cars. Within a few minutes after the first collision, the Havington car was struck in the rear by a tractor-trailer operated by defendant Bodrieau and owned by defendant Copeland Oil Company. Bodrieau testified that because of the snow he could not see the Havington car until he was right up to it, and that he applied his brakes just before he hit the car. In the second collision, Hewson's wife in the first car, and Havington's wife and one of the other female passengers in the second car, were injured. Hewson and Havington helped their respective wives, and Bodrieau helped the other woman to the nearby farmhouse. Bodrieau then remained in the house for five to eight minutes, telephoning to the police and to his employer. In the meantime, an automobile owned and operated by Albert Gonyo, in which plaintiff Veronica Gonyo was a passenger, collided with the rear of Bodrieau's tractor-trailer. Gonyo testified that he had been driving slowly with his headlights on, when he saw a "black vision, like, ahead" when he was 15 to 20 feet from it, and that he could not stop in time to avoid it. He testified that the rear lights of the trailer were not on. Bodrieau claimed that they were; the drivers of the other two cars said they did not know whether they were on or not. The plaintiff brought this action against the owners and operators of the three vehicles on the theory that they were severally negligent in failing to take steps to warn oncoming traffic of the danger, in view of the storm conditions and poor visibility. The jury returned a verdict of no cause of action as to all the defendants. As to Hewson and Automotive Rentals, and as to Havington, we cannot say that the verdict was contrary to the weight of the evidence. The jury could have found that both drivers acted as reasonably prudent men under the stress of the emergency, in caring for their wives after the second collision and in leaving it to the driver of the tractor-trailer, last in line, to warn oncoming traffic. But it was against the weight of the evidence for the jury to find that the defendants Bodrieau and Copeland Oil Company were free of fault. There were flares in the truck and, while

there was no statutory duty to place them on the highway since the accident occurred during the daytime, the circumstances dictated the use of the flares, as a matter of common-law duty in the exercise of reasonable care. The flares could have been placed on the highway with little effort on the part of Bodrieau and, if he had acted with reasonable promptness, he could have done this in time to warn the driver of the plaintiff's car and thus to avoid the collision. The situation was a highly dangerous one and he should have taken advantage of the opportunity which was his to avoid the danger, using the facilities readily available to him (see *Axelrod* v. *Krupinski*, 302 N. Y. 367). The judgment and order are affirmed as to defendants Hewson, Automotive Rentals and Harington, without costs. As to defendants Bodrieau and Copeland Oil Company, the judgment and order are reversed on the law and the facts and a new trial is ordered, with costs to abide the event. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.