J. Irwin Shapiro, J.
The plaintiff Plummer in this case has a verdict for $75,000 against the defendant Groode. During the trial, this plaintiff’s case against the defendant McHale was settled for $10,000, hut, at the request of both the plaintiff and the defendants; that fact was not disclosed to the jury.
Decision was reserved on motions to dismiss at the end of the plaintiff’s case, at the end of the whole case and on defendant’s motion for a directed verdict in her favor. Upon réndition of the verdict, defendant moved to set it aside ‘ ‘ as contrary to the law, contrary to the facts and all the provisions of the Civil Practice Act, Section 549, except inadequacy ” and also renewed her motion for a directed verdict. Decision was reserved on these additional motions.
Plaintiff’s brief was not received by me until September 17, 1958, and thereafter I had counsel in chambers in an effort to dispose of this action by negotiation. My efforts were unsuccessful and it now becomes necessary to pass on the motions. A short statement of the facts will aid in their consideration.
On the morning of December 12, 1957 defendant was driving south on Cross Island Parkway on the way to her place of *37 employment in Fort Totten when her car became overheated and began to ‘ ‘ buck ’ ’. According to her testimony, she managed to conduct the vehicle from the right to the left lane and finally partially into a break in the island which separated the Parkway’s northbound and southbound lanes. Plaintiff denied that any part of defendant’s car was in the break and asserted that the car was stopped entirely on the roadway proper. After parking, defendant got out and walked back and forth in front of her car waiting for it to cool off.
About 10 minutes later, plaintiff was proceeding southerly on the same highway when she noticed defendant’s car. Plaintiff testified that it was a cold morning and that visibility was excellent; she first saw the Goode car from a distance of about three quarters of a mile. As she approached the disabled car she saw defendant standing in front of it on the pavement. Plaintiff pulled around in front of defendant’s vehicle and backed up leaving only enough space between the two cars to permit the opening of plaintiff’s trunk. After a brief conversation with defendant, plaintiff got out of her car and went to the trunk to obtain some antifreeze for defendant. Plaintiff testified that before stepping out of her car, she said to the defendant “ I have some antifreeze in my trunk. I’ll give you the antifreeze from my trunk, and in the meantime get behind your car to keep the traffic going over while I get the antifreeze.”
Plaintiff then testified: “ I got out, unlocked my trunk, got the antifreeze out, and when I locked my trunk and turned around, Mrs. Goode was trying to get her car door open. I said to her, * What are you doing? ’ and she said, 1 Both my doors are stuck and I can’t open them. They are frozen.’ At that moment, I heard somebody say, ‘ Look out,’ and I jumped ” but not in time to avoid being pinned between the two cars when the McHale car crashed into the rear of the Goode- — this defendant’s — car.
The plaintiff was corroborated in her version of the conversations and defendant’s promise to look out for other cars by a passenger in her car.
Defendant Goode denied the “ look out for cars ” conversation, but the jury, on this record, was warranted in accepting plaintiff’s version of what occurred.
The defendant contends that on this state of facts, the verdict for plaintiff must be set aside and the complaint dismissed upon three grounds. We shall consider them seriatim. First, says the defendant, “ There was no legal duty upon the defendant to give warning of what was, on this record, an open and *38 apparent danger.” This argument misconceives the realities of the situation. Common experience discloses that very frequently in driving on a parkway one cannot ascertain in time that an automobile instead of moving is in reality standing still.
Who has not had the experience of moving along in traffic on a parkway or highway and suddenly and without warning coming upon a parked car when other cars suddenly veer away from it to the right or to the left? Is it not reasonable to expect that under such circumstances — if fairly possible — some warning will be given to approaching motorists of the fact that the car is standing still in their path? The number of just such kind of accidents bears eloquent testimony to the necessity for giving proper warning to approaching motorists. (Van Horn v. Messina, 4 N Y 2d 884; Van Curen v. Anderson, 262 N. Y. 626; Ellsworth v. Couture, 308 N. Y. 969; Axelrod v. Krupinski, 302 N. Y. 367.)
It was because there was just such a danger of collision that the plaintiff — as a condition of helping the defendant — exacted a promise from her that she would get behind her car to get “traffic going over while I get the antifreeze.”
It is regrettable that neither side saw fit to call McHale to the witness stand to ascertain what caused him to run into the Goode car, but in the absence of any proof on that score, it may not be assumed that because for some reason he did not see the Goode car and ran into it, a collision would not have been averted if the defendant Goode were standing behind her car waving oncoming cars into a different lane.
In a case where the State of New York was held negligent for failure to erect, warning signs, the court said: “ Certainly we may assume that if adequate signs, warning of the curve and of the speed limit required to travel this curve in safety, had been erected they may well have prevented the tragedy, which befell the occupants of the Van Tuyl automobile. We cannot believe that the negligence of the State played no part in the happening of this accident. The record clearly indicates that the State’s negligence was one of the proximate causes and combined with the negligence of the driver, which the Court of Claims found and with which we agree, caused this accident.” (Van Tuyl v. State of New York, 6 A D 2d 209, 213.)
Paraphrasing the language of that case, we can properly say that the jury was justified in finding that the failure of Mrs. Goode to warn oncoming cars played some part in the happening of this accident and that it had a right to assume that if adequate warning was being given by her, it “ may well have prevented the tragedy which befell ” the plaintiff.
*39 This accident may possibly have happened even if the defendant Goode had complied with her promise to warn oncoming cars aside, for McHale may have ignored snch warning signals, but “ The negligence of the defendant cannot be excluded, as one of the actual causes of the accident, unless it can be said with certainty that, even if the defendant had not been negligent, the accident would nevertheless have happened. It is not enough to speculate 1 that the same harm might possibly have been sustained had the actor not been negligent ’ (Restatement, Torts, § 432, comment c).” (Rugg v. State of New York, 284 App. Div. 179, 182.)
In Axelrod v. Krupinski (302 N. Y. 367, 369, supra), the Court of Appeals unanimously reversed the Appellate Division, First Department, which had dismissed plaintiff’s complaint. In that case, “ The accident occurred at about 34th.Street on the West Side Highway, an elevated expressway in New York City, when plaintiffs’ car came in contact with defendants’ automobile. It appears from the evidence favorable to plaintiffs that the husband was operating his wife’s automobile in a southerly direction at a moderate rate of speed and in a reasonable manner, driving in the extreme right-hand lane of this highway; that the operator of a motor vehicle immediately ahead of him suddenly swerved out into the middle lane, whereupon plaintiff was confronted with defendants’ car (owned by defendant MacRae, who was not a passenger, and operated by defendant Krupinski), which was parked in the roadway; plaintiff was unable to avoid the ensuing collision.”
The defendant there claimed he had engine trouble and the court in further describing the factual situation, said that:
£ £ after waiting about five minutes he went some six blocks to the 40th Street exit to telephone for assistance to his father-in-law, the owner of the car he was driving; the latter lived in Flushing, some ten or more miles distant. Krupinski was absent for about twenty or twenty-five minutes on this errand, leaving his wife, baby and mother-in-law in the car, and returned just in time to see the accident.
“His wife and her mother, who could testify to very little concerning the actual facts of the accident, stated they were very nervous while they waited for him because of the constant traffic. It is clear that, although Krupinski’s passengers remained in the car, it was otherwise left unattended for the entire period of his absence while heavy traffic conditions obtained, and no attempt was made to signal or warn others approaching of the obstruction thus created.”
*40 The court then set forth the applicable law, as follows (PP- 369-370): “ Upon this record the Appellate Division erred in holding, as a matter of law, that defendants had been guilty of no actionable negligence (see Greenstein v. Kahan, 298 N. Y. 784). One who ‘ parks ’ his car on an express highway ought reasonably to foresee possibility of danger. If Krupinski was indeed ‘ “ Just parked ” ’, he was simply foolhardy; if he was in difficulty, he should have made some effort to guard against such a foreseeable accident as occurred here, as, e.g., he might have requested his wife or mother-in-law, who were twenty-four and fifty years of age, respectively, to give some adequate warning to approaching motorists while he sought for prompt nearby aid or otherwise arranged for such aid while he gave warning, but he did nothing in this respect. He simply left the car for the better part of half an hour to summon aid from Flushing. Whether he exercised the care that a reasonably prudent person should have under all the circumstances was a question of fact.”
We may here say, as Judge Froessel said in the Axelrod case (supra): “ Whether [s]he exercised the care that a reasonably prudent person should have under all the circumstances was a question of fact.” That question of fact has been determined adversely to defendant and this court can see no warrant for disturbing that determination, particularly where, as here, the attention of the defendant was specifically called to the danger of oncoming traffic and she was specifically requested to signal such traffic.
In Eckert v. Farrington Co. (262 App. Div. 9), the defendant Downie had a flat tire. He requested the plaintiff to aid him in replacing the tire. The latter ‘1 drew the attention of Downie to traffic on the road and the consequent dangers thereof to a person replacing the tire while the car stood on the highway, and that the plaintiff proceeded in replacing the tire in that spot only when assured by Downie that he, Downie would watch out for, warn the plaintiff of, and protect the plaintiff from, danger of passing traffic ” (p. 10).
The court, in sustaining a verdict against Downie and his employer said (p. 12): “A jury could fairly say from the testimony that as a reasonably prudent man the plaintiff was warranted in relying on Downie’s assurance of protection ”.
The above opinion was written by Mr. Justice Harris, and on this phase of the case, it was concurred in by only one other Justice. The determination was unanimously affirmed but in the absence of an opinion, it is impossible to determine whether *41 the affirmance was upon the ground above set forth (287 N. Y. 714).
Regardless of that fact, however, the holding of Mr. Justice Harris in that case seems to be in accord with the rule set forth in the Restatement of the Law of Torts and with common sense.
Defendant’s first ground for seeking a vacatur of the verdict is, therefore, overruled.
The defendant Goode next urges that “if it can be said that defendant’s conduct in parking the vehicle on the highway proper was negligence, that negligence was not a proximate cause of the accident. ” It is contended that the efficient, intervening and proximate cause was the negligent conduct of the driver McHale, 11 that her negligence, if any, merely set the stage for the negligence of McHale which was the ‘ cause causans ’ or efficient cause of the accident ’ ’ and that ‘ ‘ the earlier negligence [of Goode] could be nothing more than a remote, contributing factor upon which liability cannot be predicated.”
Defendant’s statement of the law does not square with the facts here. The failure of the defendant to warn is a concurrent act of negligence with that of McHale — if indeed he was negligent at all (Axelrod v. Krupinski, supra), and she is liable for having, at least in part, been responsible for the accident (Van Tuyl v. State of New York, 6 A D 2d 209, 213 and cases there cited).
The last contention of defendant is that “the plaintiff was contributorily negligent ”. On this record, that was a question of fact which the jury by its verdict, on a charge to which defendant took no exception, determined in favor of the plaintiff. It could properly do so (Eckert v. Farrington Co., 287 N. Y. 714, supra). Its finding is not against the weight of the evidence and may not be disturbed.
All of the defendant’s motions are, therefore, denied, with appropriate exceptions. However, in view of the fact that the jury has fixed the plaintiff’s damages at $75,000 and she has received $10,000 by virtue of her settlement with McHale, the verdict, as entered, shall be in the reduced sum of $65,000.
Ten days’ stay and 60 days to make a case.