■ JAMES N. OSGOOD, as Administrator of the Estate of PETER M. OSGOOD, Deceased, Appellant, v ESTATE OF WILLIAM R. BIRDSALL, JR., Deceased, Defendant, and KEVIN W. DELINE et al., Respondents.—Appeal (1) from a judgment of the Supreme Court, entered April 10, 1978 in Chenango County, upon a verdict at Trial Term, insofar as it found no cause of action against the defendants Kevin W. Deline and William J. Deline, Jr., and (2) from an order of said court, entered April 25, 1978, which denied plaintiff's motion to set aside that portion of the verdict. On the evening of September 10, 1976, plaintiff's intestate sustained fatal injuries when the automobile in which he was riding as a passenger collided with a flatbed tractor trailer on Route 41 in the Town of Afton, Chenango County. In the ensuing wrongful death action, plaintiff recovered a judgment against the estate of William R. Birdsall, Jr., the owner and driver of the automobile, but the jury returned a verdict of no cause of action as to the defendants Deline who owned and operated the tractor trailer. The trial court subsequently denied plaintiff's motion to set aside the portion of the verdict favoring those defendants and plaintiff now appeals, contending that the jury's decision exculpating them from liability is against the weight of the evidence. No appeal has been taken in the companion wrongful death action brought on behalf of Birdsall, which also terminated in a verdict in favor of the Delines. Proof at trial revealed that the subject collision occurred in darkness while the Deline flatbed rig was in the process of being backed into a driveway and while it was so positioned as to completely block both lanes of travel along Route 41. A 14-year-old flagman, carrying a lighted device which included a white beam and a blinking red light, had been stationed on the southbound lane of pavement at the crest of a hill some 375 feet north of the scene to warn oncoming motorists of the presence of the tractor trailer. According to several witnesses, the Birdsall vehicle approached the site at a high rate of speed, forcing the boy to jump out of the way after he waved the light at it

"like crazy" for a brief period. Without any apparent reduction in speed, the automobile continued and struck the trailer. In determining whether the verdict actually rendered was so clearly wrong that no reasonable person could have solved the litigation in such a fashion upon any fair interpretation of the evidence (Scala v Discount Rent-A-Car Corp., 58 AD2d 928, 929, mot for lv to app den 43 NY2d 646), we are obliged to examine the foregoing circumstances in the light most favorable to the defendants (Hannan v Schmitt, 18 AD2d 854). Applying those standards, we note that this case is unlike the situation presented in Broughton v Dery (56 AD2d 906). There was proof in this action, albeit contested, that the headlights of the tractor provided some illumination for southbound motorists and that running lights were visible on the side of the trailer. In addition, and of greater importance, the posting of a flagman was plainly designed to effect specific notice of defendant's maneuver. Accordingly, while a jury might have concluded that the location, equipment or actions of the flagman negligently failed to satisfy defendants' duty under the prevailing conditions, we are not prepared to disturb its contrary finding or Trial Term's appreciation of that verdict, since plaintiff's evidence did not so clearly dominate the issues as to deprive its decision of a reasonable basis. Judgment and order affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Mikoll and Herlihy, JJ., concur.