■ ANN GREGSON et al., Appellants, v OSSIE TERRY, Appellant, and TYREESE WILLIAMS et al., Respondents. (Action No. 1.) OSSIE TERRY, Appellant, v TYREESE WILLIAMS et al., Respondents. (Action No. 2.) [827 NYS2d 181]—

In two related actions to recover damages for personal injuries, etc., in action No. 1, (1) the plaintiffs Ann Gregson and Joseph A. Gregson appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered November 18, 2004, as granted the separate motions of the defendants Tyreese Williams and Paul J. Kelley for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2) the defendant Ossie Terry separately appeals, as limited by her brief, from so much of the same order as granted that branch of the plaintiffs' motion which was for summary judgment against her on the issue of liability and granted the separate motions of the defendants Tyreese Williams and Paul J. Kelley for summary judgment dismissing the complaint and all cross claims insofar as asserted against them; and, in action No. 2, the plaintiff Ossie Terry appeals, as limited by her brief, from so much of the same order as granted the separate motions of the defendants Tyreese Williams and Paul J. Kelley for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Tyreese Williams for summary judgment dismissing the complaint and all cross claims insofar as asserted against him in both actions and substituting therefor a provision denying that motion, and by deleting the provision thereof granting that branch of the motion of the plaintiffs Ann Gregson and Joseph A. Gregson in action No. 1 which was for summary judgment against Ossie Terry on the issue of liability, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs payable by the respondent Tyreese Williams, and one bill of costs is awarded to the respondent Paul J. Kelley payable by the appellants.

The two instant actions arose out of a three-car accident that occurred at approximately 2:30 P.M. on January 17, 2002, in the left lane of the three-lane northbound Saw Mill Parkway in Yonkers, when the weather was clear and the road was dry. A vehicle driven by Tyreese Williams lost power and came to a stop in the left lane. A second vehicle, driven by Paul J. Kelley, collided with the rear of Williams' car, making only "light" contact with its bumper. No damage or injury is claimed as a result of that collision. Approximately 10 seconds after the impact, however, a third vehicle, driven by Ossie Terry, hit Kelley's vehicle from behind, allegedly causing injury to Terry and one of her passengers, Ann Gregson.

In the first action, Gregson and her husband alleged that she was injured as a result of negligence on the part of Williams, Kelley, and Terry in the operation of their respective vehicles. In the second action, Terry alleged that she was injured as a result of negligence on the part of Williams and Kelley in the operation of their respective vehicles. Kelley moved for summary judgment dismissing all claims and cross claims asserted against him in both actions, and Williams separately moved for the same relief as to all claims and cross claims asserted against him. The Gregsons cross-moved, in action No. 1, for summary judgment on the issue of liability against all three defendants. The Supreme Court granted summary judgment in favor of Williams and Kelley, and granted that branch of Gregson's cross motion which was for summary judgment on the issue of liability against Terry. While we agree that all claims and cross claims asserted against Kelley were properly dismissed, summary judgment should have otherwise been denied.

Unless "necessary to avoid conflict with other traffic" (see Vehicle and Traffic Law § 1200 [a]), it is unlawful to stop, stand, or park a vehicle on a state expressway, highway, or state interstate route highway, except in an emergency (see Vehicle and Traffic Law § 1202 [a] [1] [j]). Here, the vehicle operated by Williams "just completely stopped" for reasons Williams was unable to explain at his deposition. After ascertaining that he had no flare in the trunk of the car, Williams left his disabled vehicle in search of help. When he returned some 20 minutes later with a can of gasoline, the two collisions had already occurred.

On this record, we find that Williams failed to establish, prima

facie, that the reason for his vehicle losing power in the left lane of the Saw Mill Parkway was lawful, and was not merely the result of a foreseeable problem of Williams' own making, such as running out of fuel. Moreover, Williams also failed to make a prima facie showing that he exercised reasonable care in warning other drivers of the hazard posed by his stalled vehicle (*see Axelrod v Krupinski*, 302 NY 367, 369 [1951]). Inasmuch as Williams' submission left unresolved triable issues of fact as to his negligence, the Supreme Court erred in granting his motion for summary judgment (*see Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]).

Moreover, the Supreme Court erred in finding, as a matter of law, that Terry was negligent and that her negligence was a proximate cause of the accident. "Generally, a rear-end collision with a stopped vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to rebut the inference of negligence by providing a non-negligent explanation for the collision" (*Carhuayano v J&R Hacking*, 28 AD3d 413, 414 [2006]). Here, Gregson established her prima facie entitlement to judgment as a matter of law against Terry on the issue of liability. In opposition, however, Terry raised a triable issue of fact as to whether, in the circumstances of this case, her inability to avoid the collision with the vehicles stopped in the left lane of the parkway was the result of negligence on her part.

With respect to Kelley, however, we agree with the Supreme Court's determination to award summary judgment in his favor. The presence of Williams' stationary vehicle directly ahead of him, and the heavy flow of traffic in the adjacent lane, provided Kelley with a lawful reason for stopping (*see* Vehicle and Traffic Law § 1200 [a]), and there is no allegation that he stopped short or was otherwise negligent in bringing his vehicle to a halt. Terry's conclusory assertion that Kelley failed to give sufficient warning of the dangerous condition ahead is contradicted by Kelley's unrebutted testimony that the second collision occurred only 10 seconds after he brought his own vehicle to a stop (*cf. Mankiewicz v Excellent*, 25 AD3d 591, 593 [2006]). Although Terry claimed not to have observed Kelley's brake lights at any time prior to the collision, there was no record evidence of mechanical problems with Kelley's vehicle (*see Rodriguez-Johnson v Hunt*, 279 AD2d 781, 782 [2001]), and one of Terry's passengers, Ruby Jean Ray, testified at her deposition that she saw "red" "warning lights" on Kelley's vehicle prior to the impact. On this record, therefore, we find no error in the Supreme Court's determination to grant Kelley's motion for

summary judgment. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.