■ GALE M. WILLIAMS, Appellant, v HARBOR FREIGHT TRANSPORT Co. et al., Respondents. [841 NYS2d 607]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated March 2, 2006, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

Generally, a rear-end collision with a stopped vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to rebut the inference of negligence by providing a non-negligent explanation for the collision (see *Gregson v Terry,* 35 AD3d 358 [2006]; *Carhuayano v J&R Hacking,* 28 AD3d 413 [2006]). In response to the plaintiff's demonstration of her entitlement to judgment as a matter of law, the defendants submitted evidence sufficient to raise a triable issue of fact as to whether the defendant driver's vehicle came in contact with the plaintiff's vehicle (see *Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Schmidt, J.P., Santucci, Skelos and Balkin, JJ., concur.

■ In the Matter of RICKY RASHAUN D. COMMUNITY COUNSELING AND MEDIATION, Respondent; MARGARET D., Appellant. [840 NYS2d 920]—In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of the Family Court, Kings County (Lim, J.), dated May 12, 2006, which denied her motion to vacate so much of an order of the same court dated February 17, 2006, as, upon her failure to appear at the dispositional hearing and denial of her application for a continuance, terminated her parental rights.

Ordered that the order is affirmed, without costs or disbursements.

Under the particular circumstances of this case, we find no basis to reverse the order under review. Miller, J.P., Goldstein, Fisher and Covello, JJ., concur.