■ Thomas P. Marsicano, Respondent, v Felix F. Fabrizio, Appellant, and Domenick DePergola, Respondent. [877 NYS2d 461]—

In an action to recover damages for personal injuries, the defendant Felix F. Fabrizio appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated March 31, 2008, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed, with one bill of costs.

The instant action arose out of a three-car accident which occurred on the morning of April 4, 2005, on the westbound roadway of the lower level of the Verrazano-Narrows Bridge. A vehicle driven by the defendant Felix F. Fabrizio lost power and came to a stop in the far left lane. Shortly after Fabrizio's car stopped, it was struck from behind by a vehicle operated by the defendant Domenick DePergola. The plaintiff alleges that, thereafter, DePergola's vehicle "bounced up and back and" struck his vehicle, propelling it "into the middle lane." The plaintiff commenced this action. Fabrizio moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him on the ground that the collision was not proximately caused by any negligence on his part. The Supreme Court denied the motion. We affirm.

"Except when necessary to avoid conflict with other traffic, or when in compliance with law or the directions of a police officer or official traffic-control device, no person shall . . . [s]top, stand or park a vehicle . . . [o]n a state expressway highway or state interstate route highway, including the entrances thereto and exits therefrom, which are a part thereof, except in an emergency" (Vehicle and Traffic Law § 1202 [a] [1] [j]). On this record, Fabrizio failed to establish, prima facie, that the reason for his vehicle's loss of power was lawful, and was not merely the result of a foreseeable problem of his own making, such as running out of fuel (see Gregson v Terry, 35 AD3d 358, 361 [2006]). Moreover, Fabrizio also failed to make a prima facie showing that he exercised reasonable care in warning other drivers of the hazard posed by his stalled vehicle (see Axelrod v Krupinski,

302 NY 367, 369 [1951]; *Gregson v Terry*, 35 AD3d at 361). Accordingly, the Supreme Court properly denied Fabrizio's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him (*see Gregson v Terry*, 35 AD3d at 361), without the necessity of considering the sufficiency of the other parties' opposition papers. Santucci, J.P., Florio, Covello and Dickerson, JJ., concur.