■ CHRISTIE H. JONES et al., Respondents, v G & I HOMES, INC., Appellant. [927 NYS2d 206]—

Malone Jr., J.

On June 8, 2008, three of defendant's employees were engaged

in transporting a single-wide mobile home along Route 20 between two driveways to the same property in the Town of Sangerfield, Oneida County. Prior to the entry of the transport vehicle and mobile home onto Route 20, Rodney Wells, defendant's employee, parked his van on the shoulder of the road west of the driveway from which the mobile home would enter the road, with the van's revolving flashing lights activated, and placed three traffic cones on the fog line at approximately 50-foot intervals from the van to the west. The transport vehicle and mobile home then entered the roadway without incident and headed east. However, as it negotiated the turn into the next driveway approximately one to two thousand yards down the road, it experienced a problem and became stuck, blocking the road, and Wells' assistance and equipment from his van were necessary to free it. While keeping the cones at approximate 50-foot intervals, Wells altered their configuration by placing the one furthest west on the fog line, the second one in the middle of the right-hand eastbound driving lane and the closest one on the dotted line, effectively closing the right-hand driving lane. Finally, Wells placed a handheld slow/stop sign in the top of the closest cone with the slow side of the sign facing incoming traffic to the west, and he left the area in the van.

Shortly thereafter, plaintiff Christie H. Jones (hereinafter plaintiff) and two companions, David LeClair and Shawn Gould, were heading eastbound on Route 20 on motorcycles in a staggered formation with LeClair in the lead and plaintiff at the rear, when they encountered a slower-moving car in the right-hand lane. As LeClair, Gould and plaintiff attempted to pass the car, it abruptly changed lanes, causing LeClair and Gould to take evasive action to avoid an accident. Plaintiff, however, applied his brakes but could not maintain control of his motorcycle and it "laid down" in the roadway as he was attempting to stop, resulting in severe injuries. Plaintiff and his wife, derivatively, commenced this negligence action against defendant, and defendant subsequently moved for, among other things, summary judgment dismissing the complaint. Supreme Court denied the motion, and defendant now appeals.

" '[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact' " (*Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). When evaluating a motion for summary judgment, the evidence is viewed in the light most

favorable to the nonmoving party (*see Branham v Loews Orpheum Cinemas, Inc.*, 8 NY3d 931, 932 [2007]). Generally, when one causes a public road to become obstructed, there is a duty to "exercise[ ] the care that a reasonably prudent person should have under all the circumstances" (*Axelrod v Krupinski*, 302 NY 367, 370 [1951]; *see Le Bel v Airlines Limousine Serv.*, 92 AD2d 996, 997 [1983]; *Gonyo v Hewson*, 3 AD2d 949, 950 [1957]; *see generally Marsicano v Fabrizio*, 61 AD3d 941, 941 [2009]; *Pironti v Leary*, 42 AD3d 487, 490 [2007]; *DeBartolo v Coccia*, 276 AD2d 663, 663-664 [2000]; *Sullivan v Locastro*, 178 AD2d 523, 525 [1991], *lv denied* 81 NY2d 701 [1992]). The exercise of reasonable care under the circumstances may include warning other motorists of the hazards posed by the obstruction (*see Axelrod v Krupinski*, 302 NY at 370; *Marsicano v Fabrizio*, 61 AD3d at 941-942; *Gregson v Terry*, 35 AD3d 358, 361 [2006]). Typically, whether reasonable care was exercised is a question of fact (*see Axelrod v Krupinski*, 302 NY at 370). Applying these principles to the present case, we find that defendant failed to satisfy its burden as the party seeking summary judgment, and therefore affirm Supreme Court's order.

In support of its motion, defendant submitted the depositions of, among others, plaintiff, Wells, LeClair and Gould. Inasmuch as the depositions of plaintiff, LeClair and Gould all indicate that they were unable to see the cones until it was too late to safely react to the circumstances precipitated by defendant's obstruction of the roadway and placement of the cones,[1] issues of fact exist regarding, among other things, the adequacy of the warning (*see Marsicano v Fabrizio*, 61 AD3d at 941-942; *Gregson v Terry*, 35 AD3d at 361; *see also Le Bel v Airlines Limousine Serv.*, 92 AD2d at 997; *Gonyo v Hewson*, 3 AD2d at 950). Defendant also submitted the affidavits of two experts in support of its motion and argues that summary judgment in its favor is warranted on the strength of these submissions. However, these affidavits are insufficient to entitle defendant to judgment as a matter of law. As set forth in his brief affidavit, the expert opinion of Eugene Camerota is premised upon an accident reconstruction that did not substantially replicate the circumstances existing at the time of plaintiff's accident, and Camerota's conclusions regarding the circumstances of the accident are contradicted by the testimony of multiple witnesses. Such a conflict is inappropriate to resolve on a motion for summary

---

**1.** LeClair did not see the cones until he had already begun to pass the slower moving car and Gould did not see the cones until after the slower moving car drove over them as it abruptly changed lanes. Plaintiff never saw the cones or the slow sign.

judgment (*see Steuhl v Home Therapy Equip., Inc.*, 51 AD3d 1101, 1105 [2008]). The second expert, Lorenzo Rotoli, provides even less support to defendant's motion. In his even briefer affidavit, Rotoli states that his opinion is based on the police report generated as a result of the accident and his own investigation of the site. However, defendant failed to include the police report in the record, Rotoli's affidavit provides only his conclusory opinion regarding the circumstances at the site, without any supporting factual basis, and Rotoli apparently did not review any of the other evidence in the case, including deposition testimony of at least four witnesses with firsthand knowledge of the accident and/or the condition of the roadway prior to it.[2] "Opinion evidence must be based upon facts in the record or personally known to the witness" (*Davis v Pimm*, 228 AD2d 885, 888 [1996], *lv denied* 88 NY2d 815 [1996] [citation omitted]; *see Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725 [1984]) and, given the foregoing, we find Rotoli's affidavit to be of minimal probative value (*see Martin v Village of Tupper Lake*, 282 AD2d 975, 977 [2001]; *Morrison v Flintosh*, 163 AD2d 646, 647-648 [1990]). Accordingly, inasmuch as the expert affidavits tendered by defendant "do not establish that the cause of action has no merit so as to entitle defendant[ ] to summary judgment," its motion was properly denied (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).[3]

Finally, defendant's assertion that it is entitled to summary judgment because it was not the proximate cause of plaintiff's accident is without merit (*see Gayle v City of New York*, 92 NY2d 936, 937 [1998]; *Timmins v Benjamin*, 77 AD3d 1254, 1256 [2010]). Defendant's remaining arguments have been examined and found also to be without merit.

Peters, J.P., Spain, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.

---

**2.** The only other factual foundation that can be gleaned from Rotoli's affidavit is an apparent communication from defendant—also not included in the record—wherein defendant stated that it "properly safeguarded traffic guiding approaching vehicles with the use of a flag person and setting up cones," assertions that not only go to the ultimate issue to be determined in this case, but also do not reflect the circumstances at the time of plaintiff's accident.

**3.** Inasmuch as pertinent issues of fact remain unresolved at this stage—including the length of time that defendant planned to close the road during the transportation of the mobile home—we need not decide which safety standards, if any, were applicable to defendant under the circumstances.