■ ROBERT W. BORES, Respondent, v JOHN M. BOLDE et al., Appellants. [931 NYS2d 544]—

Garry, J.

In August 2007, plaintiff was driving his motorcycle southbound on Route 32 in Ulster County behind a garbage truck driven by defendant John M. Bolde and owned by defendant Panichi Holding Corporation. Plaintiff entered the northbound lane and began to pass. The truck attempted a left turn into a driveway. Plaintiff's motorcycle collided with defendants' truck, striking the driver's door. Plaintiff thereafter commenced this action seeking damages for his resulting injuries. Following discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion, and defendants appeal.

We affirm. It is well settled that the proponent of a summary judgment motion bears the initial burden of establishing, by admissible evidence, entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Jones v G & I Homes, Inc.*, 86 AD3d 786, 787 [2011]). As Supreme Court

held, defendants failed to meet that burden. The testimony of the two drivers presents factual conflicts as to whether the truck's left-turn signal was activated when plaintiff attempted to pass, and whether Bolde should have or could have observed plaintiff before beginning his left turn. Viewing the evidence in the light most favorable to plaintiff, as we must, there are factual issues posed regarding both proximate cause and the reasonableness of the parties' actions (*see Bailey v County of Tioga*, 77 AD3d 1251, 1253 [2010]; *Gray v Delaware Equip. Servs., Inc.*, 56 AD3d 1006, 1007 [2008]).

Peters, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.