■ ANTHONY SCRIBANI, Individually and as Administrator of the Estate of ANDREW W. SCRIBANI, Deceased, et al., Appellants, v ROBERT D. BUCHANNON et al., Respondents. [957 NYS2d 491]—

McCarthy, J.

Plaintiffs, decedent's parents, commenced this action on behalf of themselves and decedent's estate against Buchannon and defendant Neils G. Skovsende, the owner of the tractor and wagon. Following depositions, the parties cross-moved for summary judgment. Supreme Court denied plaintiffs' motion and partially granted defendants' motion, prompting this appeal.

To prevail on their motion for partial summary judgment on the issue of liability, plaintiffs were required to establish entitlement to judgment as a matter of law by presenting sufficient proof to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Jones v G & I Homes, Inc.*, 86 AD3d 786, 787 [2011]). Inasmuch as the record reveals several issues of fact regarding the reasonableness of the actions of both decedent and Buchannon, as well as the proximate cause of the accident, Supreme Court properly denied plaintiffs' motion. Decedent's speed, ability to observe the tractor with attached wagon, and opportunity to take evasive action are all unresolved questions on the record before us. While plaintiffs argue that Buchannon should have erected warning signs, observed decedent sooner and braked earlier, the record does not conclusively establish that Buchannon acted negligently or that his conduct was the sole proximate cause of the accident. The determination as to whether the parties acted negligently and the apportionment of fault between them is a question properly addressed to the jury (*see O'Buckley v County of Chemung*, 88 AD3d 1140, 1141 [2011]; *Bores v Bolde*, 88 AD3d 1243, 1243-1244 [2011]; *Jones v G & I Homes, Inc.*, 86 AD3d at 787-788).

Inasmuch as the record reflects, and Supreme Court found, that a valid cause of action could be stated against Skovsende on the theory of respondeat superior and plaintiffs did raise such an argument in their motion papers, the complaint should not have been dismissed against Skovsende outright. Instead,

under these circumstances, plaintiffs ought to be given the opportunity to apply to Supreme Court for leave to amend their complaint (*see Bennardi & Assoc., Inc. v Ramsons One, Inc.*, 8 AD3d 948, 949 [2004]; *Harrington v City of Plattsburgh*, 216 AD2d 724, 724-725 [1995]; *see also* CPLR 3025 [b]).* The determination of such an application rests soundly within the discretion of Supreme Court, although leave to amend should be freely granted so long as plaintiffs establish a satisfactory excuse for their delay and defendants will not be prejudiced by the late amendment (*see Vermont Mut. Ins. Co. v Mowery Constr., Inc.*, 96 AD3d 1218, 1219 [2012]; *Pagan v Quinn*, 51 AD3d 1299, 1300-1301 [2008]). We have considered plaintiffs' remaining arguments and find them to be unavailing.

Peters, P.J., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted that portion of defendants' cross motion dismissing the complaint against defendant Neils G. Skovsende; cross motion denied to that extent; and, as so modified, affirmed.

---

* Permitting plaintiffs to seek leave to amend the complaint is especially appropriate here, as Supreme Court specifically dismissed the complaint against Skovsende without prejudice to commencement of a new action against him as permitted by CPLR 205 (a).