■ MARYSSEL DELGADO, Respondent, v MARIE BANG et al., Appellants, et al., Defendant. [991 NYS2d 649]—

In an action to recover damages for personal injuries, the defendants Marie Bang and Patrick Sylvestre Nonos Bang appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated May 17, 2013, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and (2) from an order of the same court dated July 17, 2013, which granted the plaintiff's cross motion for summary judgment against them on the issue of liability.

Ordered that the order dated May 17, 2013, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated July 17, 2013, is reversed, on the law, without costs or disbursements, and the plaintiff's cross motion for summary judgment against the defendants Marie Bang and Patrick Sylvestre Nonos Bang on the issue of liability is denied.

On July 4, 2011, the plaintiff was a passenger on a motorcycle operated by the defendant Humberto Cordero. While traveling eastbound on the Brooklyn Bridge, Cordero struck the rear of a vehicle operated by the defendant Marie Bang (hereinafter Bang), and owned by the defendant Patrick Sylvestre Nonos Bang (hereinafter Nonos Bang and together the Bang defendants), while the Bang vehicle was stopped on the Brooklyn Bridge. According to Bang, she stopped her vehicle in the right lane of the bridge and activated her hazard lights a couple of minutes before the collision because she was experiencing engine difficulties. The impact of the collision caused both Cordero and the plaintiff to be thrown from the motorcycle.

The plaintiff commenced this action to recover damages for personal injuries against Cordero and the Bang defendants. Cordero failed to interpose an answer, and the Supreme Court granted the plaintiff leave to enter a default judgment against him on the issue of liability. After depositions had been conducted, the Bang defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending that Cordero had breached his statutory duty to maintain a safe distance between his motorcycle and their vehicle. The Bang defendants also argued that Bang was not comparatively negligent in stopping her vehicle on the Brooklyn

Bridge because she was faced with an emergency situation when the vehicle began experiencing mechanical difficulties and slowing down for no apparent reason. The plaintiff opposed the motion, and cross-moved for summary judgment on the issue of liability against the Bang defendants. The plaintiff maintained that the emergency doctrine was inapplicable to this case, and that Bang was negligent in stopping the vehicle on the bridge. The Supreme Court denied the Bang defendants' motion, and granted the plaintiff's cross motion.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (*see Mallen v Su*, 67 AD3d 974 [2009]; *Zdenek v Safety Consultants, Inc.*, 63 AD3d 918 [2009]; *Purcell v Axelsen*, 286 AD2d 379, 380 [2001]; *see also* Vehicle and Traffic Law § 1129 [a]).

Contrary to the Bang defendants' contention, the Supreme Court properly denied their motion for summary judgment dismissing the complaint insofar as asserted against them. The Bang defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law, because although Cordero's motorcycle struck their vehicle in the rear, their own submissions raised issues of fact as to whether Bang was comparatively negligent in stopping her vehicle on the bridge (*see* Vehicle and Traffic Law § 1202 [a] [1] [g]; *see also Marsicano v Fabrizio*, 61 AD3d 941 [2009]; *Gregson v Terry*, 35 AD3d 358, 360-361 [2006]). While the emergency doctrine is inapplicable to the facts of this case (*see Lifson v City of Syracuse*, 17 NY3d 492, 497 [2011], citing *Caristo v Sanzone*, 96 NY2d 172 [2001]; *Ferrer v Harris*, 55 NY2d 285 [1982]; *Hendrickson v Philbor Motors, Inc.*, 101 AD3d 812 [2012]; *Williams v City of New York*, 88 AD3d 989 [2011]; *Jacobellis v New York State Thruway Auth.*, 51 AD3d 976 [2008]), Bang's deposition testimony nevertheless raises an issue of fact as to whether she could have safely continued to operate her vehicle while on the bridge, and whether it was reasonable for her to stop the vehicle under the circumstances (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Since issues of fact exist as to whether Bang was negligent, the Supreme Court also should have denied the plaintiff's cross motion for summary judgment on the issue of liability against the Bang defendants (*see id.* at 324). Eng, P.J., Austin, Hinds-Radix and LaSalle, JJ., concur.