Georgiadis v Feder (2022 NY Slip Op 06690)

Georgiadis v Feder

2022 NY Slip Op 06690

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2020-02153
 (Index No. 516103/18)

[*1]Melana Georgiadis, plaintiff-appellant,
v
Abraham Feder, et al., respondents, Steven Georgiadis, defendant-appellant.

Law Office of Stephen A. Strauss, P.C., Whitestone, NY (Ira Levine of counsel), for plaintiff-appellant.
Scahill Law Group, P.C., Bethpage, NY (Gerard Ferrara of counsel), for defendant-appellant.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant Steven Georgiadis separately appeals, from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated January 23, 2020. The order, insofar as appealed from by the plaintiff, granted that branch of the motion of the defendants Abraham Feder and Judy Feder which was for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as appealed from by the defendant Steven Georgiadis, granted that branch of the motion of the defendants Abraham Feder and Judy Feder which was for summary judgment dismissing all cross claims insofar as asserted against them.
ORDERED that the order is reversed, on the law, with one bill of costs, and the motion of the defendants Abraham Feder and Judy Feder for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is denied.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her in a motor vehicle accident that took place on a shoulder lane of the New York State Thruway, in Rockland County. At the time of the accident, the plaintiff was a passenger in the front seat of a vehicle operated by the defendant Steven Georgiadis (hereinafter Steven). Steven testified at a deposition that, after an unknown speeding vehicle crossed in front of his vehicle, he veered into the right lane and then proceeded to the shoulder lane to avoid a collision. Upon doing so, Steven's vehicle struck the rear of a vehicle owned by the defendant Judy Feder and operated by the defendant Abraham Feder (hereinafter together the Feder defendants) that was stopped on the shoulder lane of the highway. Abraham Feder testified at a deposition that the Feder defendants' vehicle was stopped on the shoulder lane so that he could "check" a navigation system and find an alternate route. The Feder defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending, inter alia, that they were not a proximate cause of the accident. The Supreme Court granted the motion. The plaintiff [*2]appeals, and Steven separately appeals.
"A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Atkins v City of New York, 196 AD3d 622, 623; see Tutrani v County of Suffolk, 10 NY3d 906, 908). However, "[t]he mere fact that other persons share some responsibility for plaintiff's harm does not absolve defendant from liability because there may be more than one proximate cause of an injury" (Mazella v Beals, 27 NY3d 694, 706 [internal quotation marks omitted]; see Matias v Bello, 165 AD3d 642, 643). "Generally, it is for the trier of fact to determine the issue of proximate cause" (id.).
Here, the Feder defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against them. The Feder defendants' own submissions raised triable issues of fact as to whether Abraham Feder's conduct in stopping on the shoulder of the highway for a non-emergency purpose imposed upon them a duty of reasonable care to warn other drivers of the hazard posed by their stopped vehicle, and whether their failure to exercise reasonable care was a proximate cause of the accident (see Delgado v Bang, 120 AD3d 608, 609; Pinilla v City of New York, 136 AD3d 774, 777). Since the Feder defendants did not meet their prima facie burden, the Supreme Court should have denied their motion without regard to the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court