GARY MANKIEWICZ, Appellant, v JACQUELINE EXCELLENT, Respondent. [807 NYS2d 643]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Henry, J.), dated September 24, 2004, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered October 22, 2004, which, upon the order, dismissed the complaint. The plaintiff's notice of appeal from the order is deemed to also be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff allegedly was injured when the vehicle he was driving struck the rear of a vehicle operated by the defendant on the Southern State Parkway (hereinafter the Parkway) in Suffolk County. The accident occurred on August 12, 2001, at approximately 10:30 P.M. The defendant testified at her examination before trial that she had just entered the Parkway when

her vehicle began to slow down, for reasons unknown to her. She claimed to have activated her flashing emergency lights, and attempted to move from the right-hand lane of the Parkway to the shoulder of the road. Before she reached the shoulder, her vehicle was struck from behind.

According to the plaintiff, the section of the Parkway where the accident occurred was very dark. The plaintiff further testified that there was no exterior or interior illumination in the defendant's vehicle and that he was unable to see it as he moved from the center lane to the right-hand lane in anticipation of exiting the Parkway. Slowing from a speed of 55 miles per hour to 40 miles per hour, the plaintiff was unable to avoid the defendant's vehicle, which was stopped in a portion of the right lane of the highway.

In her deposition testimony which was submitted in support of her motion for summary judgment dismissing the complaint, the defendant averred that, upon entering the Parkway, her vehicle suffered a mechanical failure and became inoperable and that, within a few seconds thereafter, her vehicle was struck in the rear by the plaintiff's vehicle. The defendant established her prima facie entitlement to judgment as a matter of law (*see Briceno v Milbry*, 16 AD3d 448 [2005]; *Hurley v Izzo*, 248 AD2d 674 [1998]). The plaintiff's opposing affidavit alleged there was no illumination of any sort from the defendant's vehicle. The plaintiff claims that the defendant's failure to promptly turn on her emergency lights rebuts the presumption of negligence on his part, demonstrates the negligence of the defendant, and shows that such negligence was a proximate cause of the accident (*see Hurley v Izzo, supra*).

While two differing scenarios are suggested by the plaintiff as indicia that an issue of fact exists warranting the denial of summary judgment in the defendant's favor, neither alternative, if conclusively established, would result in any liability upon the defendant. One possibility is that the defendant's vehicle was illuminated, as suggested by the defendant's proof. Under those circumstances, the plaintiff is charged with seeing what should be seen and is solely responsible for hitting the stopped vehicle (*see Stoudemire v Romere*, 5 AD3d 759 [2004]). The other possibility is that the defendant's vehicle was not capable of being seen. However, in this regard the plaintiff's proof is woefully deficient. The plaintiff attempted to establish that he did not see the defendant's vehicle. However, in the context of operating the vehicle that causes a hit in the rear, the plaintiff must establish that under the circumstances then prevailing the accident was unavoidable due in part to the defendant's negligent

conduct. The plaintiff offered no proof that the defendant's vehicle was not capable of being seen by use of his vehicle's headlights, the headlights of other vehicles, or the ambient lighting of the surrounding area (particularly in view of the plaintiff's admission that the Parkway was generally an illuminated roadway). Moreover, even if the defendant's vehicle was invisible to other users of the roadway, the plaintiff was required to offer some proof to create a permissible inference that the circumstance was due to the negligence of the defendant. The plaintiff offered no proof to suggest that the defendant was responsible for the darkness in her vehicle. To the contrary, the police report noted a sudden power failure in the defendant's vehicle. If that were true, the defendant could not have done anything to illuminate her vehicle or to more expeditiously move her vehicle entirely off the Parkway. Moreover, given the unrebutted deposition testimony that about two seconds elapsed between the mechanical failure of the defendant's vehicle and the impact, the defendant did not have sufficient time to turn on emergency lights that may have been available. Therefore, the judgment should be affirmed. Florio, J.P., Krausman, Lifson and Lunn, JJ., concur.