■ ROBERT F. CUCCIO, Respondent, v DEBORAH A. CIOTKOSZ et al., Appellants. [841 NYS2d 686]—

In an action to recover damages for personal injuries, the defendants Kin Leasing Corp., Medical Express Ambulance Corp., and Joseph Waunsch appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), entered July 3, 2006, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendants Deborah A. Ciotkosz and Stephanie M. Vasquez separately appeal from so much of the same order as denied their separate motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motions for summary judgment are granted.

At approximately 4:00 A.M. on November 20, 2002 the defendant Joseph Waunsch was driving an ambulance eastbound on the south service road of Sunrise Highway in Oakdale. As the ambulance entered the signal-controlled intersection of the service road and Locust Avenue (hereinafter the intersection), it collided with a Ford Bronco operated by the defendant Stephanie Vasquez, which was traveling northbound on Locust Avenue. The Bronco came to rest obstructing the left northbound travel lane of Locust Avenue. At least one lane remained open and unobstructed, and a passerby who stopped to check on the occupants of the ambulance and the Bronco observed vehicles proceeding northbound through the unoccupied lane.

Approximately five minutes later, the plaintiff was driving northbound on Locust Avenue toward the intersection. The passerby first observed the plaintiff's vehicle from four or five car lengths away. She surmised that the plaintiff's vehicle was not going to stop and told Vasquez, who was standing in the street, to get out of the way.

The plaintiff testified at his deposition that as he approached the intersection, he noticed that the traffic light was green, and there was nothing that obstructed his view of the intersection. He acknowledged that he saw the Bronco in the intersection under the traffic light and saw two people standing between him and the Bronco run in opposite directions. The plaintiff did not recall whether he applied his brakes. The front of his vehicle hit the side of the Bronco.

The defendants established as a matter of law that the collision between the Bronco and the ambulance merely furnished the occasion for the occurrence of the plaintiff's accident (*see Peters v City of New York,* 33 AD3d 779 [2006]), and the plaintiff failed to raise a triable issue of fact. The sole proximate cause of the plaintiff's accident was his failure to see what was there to be seen (*see Gregson v Terry,* 35 AD3d 358, 361 [2006]; *Mankiewicz v Excellent,* 25 AD3d 591, 592 [2006]). Accordingly, the defendants' motions for summary judgment should have been granted. Miller, J.P., Goldstein, Fisher and Covello, JJ., concur.