■ JOHANNA KING VESPE, Appellant, v ALI A. KAZI et al., Defendants, and LUIS B. PADILLA, Respondent. (And a Third-Party Action.) [878 NYS2d 46]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered April 2, 2008, which, insofar as appealed from as limited by the briefs, granted defendant Padilla's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.

Plaintiff was a passenger in the second vehicle in a four-vehicle accident, in which that second vehicle rear-ended defendant Padilla's lead vehicle, which was stopped in the right lane of a bridge due to a mechanical failure.

"[A] rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the second vehicle" (*Johnson v Phillips*, 261 AD2d 269, 271 [1999]). Here, Padilla established his prima facie entitlement to judg-

ment as a matter of law, by submitting evidence that he was stopped in the right lane on the bridge, with no other place to go, due to the mechanical failure of his vehicle (*see Mankiewicz v Excellent*, 25 AD3d 591 [2006]; *Macauley v ELRAC, Inc.*, 6 AD3d 584 [2004]).

In opposition, plaintiff failed to raise a triable issue of fact; she and codefendant Kazi (driver of vehicle two) both testified that prior to the accident they observed Padilla's vehicle stopped on the bridge in the right lane approximately 50 feet ahead of them. While plaintiff claims that there is an issue of fact as to whether Padilla had his hazard lights on, such fact is irrelevant in light of the testimony of Kazi and plaintiff that they saw Padilla's vehicle stopped before the accident. Thus, any failure to use hazard lights was not the proximate cause of the accident (*see Barile v Lazzarini*, 222 AD2d 635 [1995]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Buckley, Catterson, McGuire and Renwick, JJ.