■ DORA DAVIDOFF et al., Appellants, v AVNER MULLOKANDOV et al., Appellants, and RAFAEL SHIMUNOV et al., Respondents. [903 NYS2d 107]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendants Avner Mullokandov and Eduard Mullokandov separately appeal, from an order of the Supreme Court, Queens County (Weiss, J.), dated November 7, 2008, which granted the motion of the defendant Rafael Shimunov for summary judgment dismissing the complaint insofar as asserted against him and granted the cross motion of the defendant Richard Pruzan for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the appeal by the plaintiffs from so much of the order as granted that branch of the cross motion which was to dismiss all cross claims asserted against the defendant Richard

Pruzan is dismissed, as the plaintiffs are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the appeal by the defendants Avner Mullokandov and Eduard Mullokandov from so much of the order as granted the motion of the defendant Rafael Shimunov for summary judgment dismissing the complaint insofar as asserted against him and granted the cross motion of the defendant Richard Pruzan for summary judgment dismissing the complaint insofar as asserted against him is dismissed, as they are not aggrieved by those portions of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The defendant Richard Pruzan was operating his motor vehicle in the left lane of the express roadway of Queens Boulevard, in Queens, when a motor vehicle owned by the defendant Eduard Mullokandov, and operated by the defendant Avner Mullokandov, attempted to move from the center lane to the left lane. In so doing, the Mullokandov vehicle collided with the side of the Pruzan vehicle, and subsequently struck the rear of a motor vehicle operated by the defendant Rafael Shimunov. The decedent, Isak Lakhchakov, was a passenger in the Mullokandov vehicle at the time of the occurrence. The plaintiffs, Dora Davidoff, as administrator of the decedent's estate, and the decedent's wife, commenced the instant action.

After joinder of issue, Shimunov moved for summary judgment dismissing the complaint insofar as asserted against him, and Pruzan cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

"Generally, a rear-end collision with a stopped vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to rebut the inference of negligence by providing a non-negligent explanation for the collision" (*Carhuayano v J&R Hacking*, 28 AD3d 413, 414 [2006]). Here, Shimunov established his entitlement to judgment as a matter of law. The undisputed evidence that the motor vehicle operated by Avner Mullokandov struck the motor vehicle operated by Shimunov in the rear, while it was stopped, established a prima facie case of negligence against the defendant Avner Mullokandov.

In opposition, the plaintiffs failed to raise a triable issue of fact. The evidence submitted in opposition to the motion did not provide a nonnegligent explanation for the collision. At his dep-

osition, Avner Mullokandov expressly testified that when he first saw the Shimunov vehicle ahead of him, the vehicle was already stopped in the roadway. Therefore, the plaintiffs' arguments on appeal that the Shimunov vehicle had stopped suddenly are not supported by the record (*see Neidereger v Misuraca*, 27 AD3d 537, 538 [2006]).

Furthermore, Pruzan established his entitlement to judgment as a matter of law by demonstrating that he was lawfully operating his motor vehicle in the left lane of the express roadway of Queens Boulevard when the vehicle operated by Avner Mullokandov entered into his lane of traffic and collided with his automobile (*see Rivera v Corbett*, 69 AD3d 916 [2010]). The evidence which was submitted by the plaintiffs and the Mullokandovs in opposition to the cross motion failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Accordingly, the Supreme Court properly granted the motion and the cross motion. Dillon, J.P., Miller, Dickerson and Chambers, JJ., concur.