■ ROBERT BLASSO, Appellant, v ANTHONY R. PARENTE et al., Respondents. [913 NYS2d 306]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kelly, J.), dated September 23, 2008, which denied his motion for summary judgment on the issue of liability, and (2) an order of the same court dated August 6, 2009, which denied his motion for leave to renew and reargue his prior motion. Motion by the respondents to dismiss the appeal from the order dated September 23, 2008, on the ground that it was untimely taken. By decision and order on motion of this Court dated June 8, 2010, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the argument of the appeals, it is

Ordered that the motion is granted; and it is further,

Ordered that the appeal from the order dated September 23, 2008, is dismissed; and it is further,

Ordered that the appeal from so much of the order dated August 6, 2009, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 6, 2009, is reversed insofar as reviewed, on the law and in the exercise of discretion, that branch of the plaintiff's motion which was for leave to renew is granted, upon renewal, the order dated September 23, 2008, is vacated, and the plaintiff's motion for summary judgment on the issue of liability is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In this rear-end collision case, the plaintiff initially moved for summary judgment on the issue of liability before depositions of the parties had been conducted. The Supreme Court denied the plaintiff's motion, finding, inter alia, that the defendants had not been afforded a reasonable opportunity to conduct discovery. The plaintiff and the defendant driver Anthony R. Parente were subsequently deposed. Based upon the deposition testimony, the plaintiff moved, among other things, for leave to renew his prior motion. The Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for leave to renew, concluding that the plaintiff did not submit new facts that warranted a change in the original determination.

On appeal, the plaintiff contends that the Supreme Court should have granted that branch of his motion which was for leave to renew and, upon renewal, granted his motion for sum-

mary judgment on the issue of liability. We agree. A rear-end collision with a stopped vehicle establishes a prima facie case of negligence against the operator of the moving vehicle, and imposes a duty on that operator to provide a nonnegligent explanation for the collision (*see Hauser v Adamov*, 74 AD3d 1024 [2010]; *Davidoff v Mullokandov*, 74 AD3d 862 [2010]; *Campbell v City of Yonkers*, 37 AD3d 750, 751 [2007]). Here, the deposition testimony elicited after the denial of the plaintiff's prior motion, which provided a proper basis for seeking leave to renew (*see Morales v Coram Materials Corp.*, 64 AD3d 756, 758 [2009]), demonstrated that the plaintiff's vehicle suffered a mechanical failure and came to a complete stop on the Long Island Expressway at least several minutes before it was struck in the rear by the defendants' vehicle. Based on this evidence, the plaintiff established his prima facie entitlement to judgment as a matter of law (*see Vespe v Kazi*, 62 AD3d 408, 409 [2009]; *Mankiewicz v Excellent*, 25 AD3d 591, 592 [2006]). In opposition, the defendants failed to raise a triable issue of fact as to whether any alleged negligence on the part of the plaintiff was a proximate cause of the accident. The defendant driver admitted at his deposition that he first saw the plaintiff's vehicle approximately seven seconds before the accident, and that it initially appeared to him that the plaintiff's brake lights were on. The defendant driver also acknowledged that the weather was clear, and that he had an unobstructed view of the roadway. Under these circumstances, the sole proximate cause of the accident was the defendant driver's negligent failure to see what there was to be seen, to drive at a safe speed, and to maintain a safe distance behind the plaintiff's vehicle, which the defendant driver believed was braking (*see Vespe v Kazi*, 62 AD3d 408 [2009]; *Cuccio v Ciotkosz*, 43 AD3d 850 [2007]; *Mankiewicz v Excellent*, 25 AD3d 591 [2006]; *Rodriguez v City of New York*, 259 AD2d 280 [1999]; *Barile v Lazzarini*, 222 AD2d 635 [1995]). Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.