In an action to recover damages for personal injuries, the defendant V Mabella appeals from an order of the Supreme Court, Queens County (Gavrin, J.), entered October 17, 2011, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
Ordered that the order is reversed, on the law, with one bill of costs payable by the plaintiff-respondent and the defendants-respondents, and the motion of the defendant V. Mabella for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.
The plaintiff was a passenger in a vehicle operated by the defendant Abdul Hossain and owned by the defendant Muhammed Munim (hereinafter the Hossain vehicle) which collided with the rear of a vehicle operated by the defendant Fernando Maldonado and owned by the defendant Julia M. Paulino (hereinafter the Maldonado vehicle) in the right southbound lane of the West Side Highway. As a result of the rear-end impact, the Maldonado vehicle was propelled forward, and it struck the rear of a vehicle owned by the defendant V Mabella (hereinafter the Mabella vehicle), which was stalled in the right lane. At the location where the accident took place, the southbound West Side Highway consists of three lanes, with no breakdown lane.
*871 At his deposition, Mabella testified that he was driving southbound in the right lane of the highway when he “hear[d] [a] noise [from the engine] and then [the] car just stopped.” Mabella had not previously experienced any mechanical problems with his vehicle, and had just taken it for a routine tune-up the week before the accident. He had been stopped in the right lane for approximately 45 minutes, waiting for help to arrive, when the accident occurred.
Maldonado’s deposition testimony indicates that he was also driving in the right lane when he first saw the Mabella vehicle in a stopped position, approximately 10 car lengths ahead of his vehicle. In response, Maldonado began to slow down, activated his left turn signal, and prepared to switch lanes. Maldonado further testified that he was completely stopped, two car lengths behind the Mabella vehicle, intending to make a lane change, when his vehicle was struck in the rear.
Hossain testified at his deposition that the vehicle traveling in front of him in the middle lane of the highway was moving slowly, so he decided to move into the right lane. When he changed lanes, he saw that the Maldonado vehicle was moving slowly with its left turn signal activated. Hossain applied the brakes, but he was not able to stop in time to avoid striking the rear of the Maldonado vehicle. Hossain testified that he did not see the stalled Mabella vehicle until after the accident had taken place. According to the deposition testimony of the plaintiff, the Hossain vehicle was traveling at approximately 55 to 60 miles per hour immediately prior to the impact.
The plaintiff commenced this personal injury action against Mabella, among others, and Mabella moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The Supreme Court denied Mabella’s motion, and Mabella appeals.
Mabella established his prima facie entitlement to judgment as a matter of law through his submission of the deposition testimony of the parties, which demonstrates that his vehicle was fully stopped when it was struck in the rear by the Maldonado vehicle (see Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]; Blasso v Párente, 79 AD3d 923 [2010]; Ianello v O’Connor, 58 AD3d 684 [2009]). Although his vehicle was stopped in a moving lane of traffic, Mabella established that this was due to mechanical failure and not the result of any fault on his part (see Blasso v Párente, 79 AD3d at 925; cf. Gonzalez v Ceesay, 98 AD3d 1078 [2012]; Gregson v Terry, 35 AD3d 358 [2006]). The plaintiff and the defendants who opposed Mabella’s motion failed to raise a triable issue of fact *872 regarding Mabella’s alleged fault in the happening of the accident.
Accordingly, the Supreme Court should have granted Mabel-la’s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Eng, P.J., Rivera, Hall and Sgroi, JJ., concur.