Vargas v Akbar (2014 NY Slip Op 08985)





Vargas v Akbar


2014 NY Slip Op 08985


Decided on December 24, 2014


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2014
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
ROBERT J. MILLER, JJ.


2013-10858
 (Index No. 7778/11)

[*1]Marcos Vargas, respondent, 
v
Mohammad Akbar, et al., defendants, Dharmangini C. Shah, appellant.


Mendolia & Stenz (Cuomo LLC, New York, N.Y. [Sherri A. Jayson and Oscar Michelen], of counsel), for appellant.
Judith Paulding (Parker Waichman LLP, Port Washington, N.Y. [Jay L.T. Breakstone], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Dharmangini C. Shah appeals from an order of the Supreme Court, Queens County (Gavrin, J.), dated September 4, 2013, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Dharmangini C. Shah for summary judgment dismissing the complaint and all cross claims insofar asserted against her is granted.
This case arises from a multi-vehicle accident. The appellant alleged that her vehicle struck the rear of a vehicle operated by the defendant Mohammad Akbar, and that, approximately 15 seconds later, the plaintiff's vehicle allegedly struck the rear of the appellant's vehicle. The plaintiff alleged that he was driving his vehicle at the rate of 15 miles per hour when he first saw the appellant's stopped vehicle approximately four car lengths in front of him. The plaintiff alleged that it was raining, that the road was wet, and that his vehicle skidded when he attempted to stop his vehicle. The plaintiff allegedly felt two additional impacts to his vehicle from two different vehicles.
The plaintiff commenced this action against the appellant, among others. The appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, contending that she was not comparatively at fault in causing the plaintiff's accident. The Supreme Court denied the motion, and we reverse.
The appellant established her prima facie entitlement to judgment as a matter of law by demonstrating that her stopped vehicle was struck in the rear by the plaintiff's vehicle, and that she was not comparatively at fault in causing the plaintiff's vehicle to strike hers. The collision between the appellant's vehicle and Akbar's vehicle merely furnished the occasion for the occurrence of the plaintiff's accident, and was not one of its causes (see Sheehan v City of New York, 40 NY2d 496, 503; Cuccio v Ciotkosz, 43 AD3d 850, 851). The appellant's codefendants submitted [*2]no opposition to the motion, and the plaintiff's submissions in opposition did not raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
MASTRO, J.P., CHAMBERS, SGROI and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court