■ ARVIND NIJHAWAN, Respondent, v CARLTON REID et al., Appellants. [49 NYS3d 756]—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated January 28, 2016, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when the left front side of his vehicle struck the right rear side of the defendants' tractor-trailer, which was stopped in the center westbound lane of the Long Island Expressway in Queens. The plaintiff thereafter commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that the defendant driver was not at fault in the happening of the accident and that the plaintiff's negligent operation of his vehicle was the sole proximate cause of the accident. The Supreme Court denied the motion.

The defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that their vehicle was stopped on the Long Island Expressway due to mechanical failure for about five minutes when it was rear-ended by the plaintiff's vehicle, and that the defendant driver was not at fault in causing the accident (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]; *Blasso v Parente*, 79 AD3d 923, 925 [2010]; *Vespe v Kazi*, 62 AD3d 408, 409 [2009]; *Arias v Rosario*, 52 AD3d 551, 552 [2008]). The evidence submitted by the defendants showed that their vehicle was stopped with its hazard lights activated. The defendant driver had also placed reflective hazard triangles in the roadway to illuminate the stopped vehicle. In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.