■ RYAN NOWAK, Respondent, v JOSE BENITES et al., Appellants. [60 NYS3d 48]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Orange County (Vazquez-Doles, J.), dated November 15, 2016, which

denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Theo v Vasquez*, 136 AD3d 795 [2016]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting the affidavit of the defendant driver, which demonstrated that his vehicle was fully stopped in a moving lane of traffic due to mechanical failure and not as the result of any fault on his part when it was struck in the rear by the plaintiff's vehicle (*see Prosen v Mabella*, 107 AD3d 870, 871 [2013]; *Blasso v Parente*, 79 AD3d 923, 925 [2010]; *Mankiewicz v Excellent*, 25 AD3d 591, 592 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of a nonparty witness who was traveling ahead of the plaintiff's vehicle, who himself managed to avoid a collision with the defendants and who provided no information as to what the plaintiff actually saw or did prior to the incident, was insufficient to raise a triable issue of fact as to whether the defendant driver was at fault in the happening of the accident or whether the plaintiff had a nonnegligent explanation for colliding with the defendants' stopped vehicle (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Chambers, Maltese and Duffy, JJ., concur.