Joseph v Kelly (2019 NY Slip Op 09258)





Joseph v Kelly


2019 NY Slip Op 09258


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-00939
 (Index No. 501494/15)

[*1]Marc Edrice Joseph, et al., plaintiffs,
v
Maryjane Kelly, et al., respondents, J. Martinez, also known as Jenniferlynn Martinez, et al., appellants.


Picciano & Scahill, P.C., Bethpage, NY (Andrea E. Ferrucci and Gerard Ferrara of counsel), for appellants.
James J. Toomey, New York, NY (Evy L. Kazansky of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants J. Martinez, also known as Jenniferlynn Martinez, and John Garcia appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated December 5, 2017. The order granted that branch of the motion of the defendants Maryjane Kelly and Sisters of the Order of St. Dominic which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were not at fault in the happening of the accident.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendants Maryjane Kelly and Sisters of the Order of St. Dominic which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the defendants J. Martinez, also known as Jenniferlynn Martinez, and John Garcia are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and that branch of the motion of the defendants Maryjane Kelly and Sisters of the Order of St. Dominic which was for summary judgment dismissing the cross claims asserted against them by the defendants J. Martinez, also known as Jenniferlynn Martinez, and John Garcia on the ground that they were not at fault in the happening of the accident is denied; and it is further,
ORDERED that one bill of costs is awarded to the appellants payable by the respondents.
On March 26, 2014, the plaintiff Marc Edrice Joseph was operating a school bus in which the plaintiff Dilenia Santana was a passenger when the bus was involved in a three-vehicle collision with a vehicle driven by the defendant Maryjane Kelly and a vehicle driven by the defendant J. Martinez, also known as Jenniferlynn Martinez. The accident occurred on Astoria Boulevard, near the intersection of Steinway Street, in Queens. Kelly's vehicle was owned by the defendant Sisters of the Order of St. Dominic. Martinez's vehicle was owned by the defendant John Garcia. The plaintiffs commenced this action in February 2015, to recover damages for their [*2]injuries. Kelly and the Sisters of the Order of St. Dominic (hereinafter together the Kelly defendants), and Martinez and Garcia (hereinafter together the Martinez defendants), asserted cross claims against each other.
The Kelly defendants moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were not at fault in the happening of the accident, as well as for summary judgment dismissing the complaint insofar as asserted by Joseph and all cross claims insofar as asserted against them on the ground that Joseph did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Martinez defendants opposed that branch of the Kelly defendants' motion which was for summary judgment on the ground that the Kelly defendants were not at fault in the happening of the accident. In an order dated December 5, 2017, the Supreme Court granted that branch of the Kelly defendants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were not at fault in the happening of the accident. The court did not make any determination with respect to that branch of the Kelly defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Joseph and all cross claims insofar as asserted against them on the ground that Joseph did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Martinez defendants appeal.
We agree with the Martinez defendants that the Kelly defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cross claims asserted against them by the Martinez defendants on the ground that the Kelly defendants were not at fault in the happening of the accident. The Kelly defendants submitted, inter alia, Kelly's deposition testimony, in which she testified that she was driving in the middle lane of Astoria Boulevard, with Martinez's SUV on her left, and the bus driven by Joseph on her right. Kelly testified that Martinez's SUV veered into her lane and struck her car, which in turn caused her to strike the bus. The Kelly defendants also submitted Martinez's deposition testimony, in which Martinez testified that, as she was moving from the left lane into the center lane, her vehicle came into contact with Kelly's vehicle. The Kelly defendants also submitted Joseph's deposition testimony, wherein he testified that, "[a]t some point, the middle car hit the left of the SUV." Later in his testimony, Joseph reiterated that "[t]he middle one hit the SUV."
The evidence submitted by the Kelly defendants "presented conflicting testimony as to the facts surrounding the accident," and thus, failed to eliminate triable issues of fact (Calderon-Scotti v Rosenstein, 119 AD3d 722, 723-724; see Vehicle and Traffic Law § 1128; Richardson v Cablevision Sys. Corp., 173 AD3d 1083, 1085; cf. Davidoff v Mullokandov, 74 AD3d 862, 863-864). Therefore, the Supreme Court should have denied that branch of the Kelly defendants' motion which was for summary judgment dismissing the cross claims asserted against them by the Martinez defendants on the ground that the Kelly defendants were not at fault in the happening of the accident.
We do not address the remaining contention regarding that branch of the Kelly defendants' motion which was for summary judgment dismissing the cross claims asserted against them by the Martinez defendants on the ground that Joseph did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court did not address that branch of the motion and, therefore, it remains pending and undecided (see Katz v Katz, 68 AD2d 536, 542-543).
MASTRO, J.P., LEVENTHAL, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court