Toala v EAN Holdings, LLC (2021 NY Slip Op 00586)





Toala v EAN Holdings, LLC


2021 NY Slip Op 00586


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-12200
 (Index No. 518793/16)

[*1]Winston A. Toala, appellant, et al., plaintiff,
v
EAN Holdings, LLC, defendant, Taleek D. Withers, respondent.


Picciano & Scahill, P.C., Bethpage, NY (Andrea E. Ferrucci of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff/counterclaim defendant, Winston A. Toala, appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated September 19, 2018. The order, insofar as appealed from, denied that branch of the motion of the plaintiff/counterclaim defendant which was for leave to renew his motion for summary judgment dismissing the counterclaim asserted against him by the defendant/counterclaim plaintiff, Taleek D. Withers, which had been denied in an order of the same court dated June 22, 2017, and, in effect, upon reargument, adhered to the original determination in the order dated June 22, 2017.
ORDERED that the order dated September 19, 2018, is modified, on the law, by deleting the provision thereof denying that branch of the motion of the plaintiff/counterclaim defendant, Winston A. Toala, which was for leave to renew his motion for summary judgment dismissing the counterclaim asserted against him by the defendant/counterclaim plaintiff, Taleek D. Withers, and substituting therefor a provision granting that branch of the motion and, upon renewal, vacating the determination in the order dated June 22, 2017, denying the motion of the plaintiff/counterclaim defendant for summary judgment dismissing the counterclaim asserted against him by the defendant/counterclaim plaintiff, and thereupon granting the motion of the plaintiff/counterclaim defendant for summary judgment dismissing the counterclaim asserted against him by the defendant/counterclaim plaintiff; as so modified, the order dated September 19, 2018, is affirmed insofar as appealed from, with costs to the plaintiff/counterclaim defendant.
In this rear-end collision case, the plaintiff/counterclaim defendant, Winston A. Toala, initially moved for summary judgment dismissing the counterclaim asserted against him by the defendant/counterclaim plaintiff, Taleek D. Withers, before the depositions of the parties had been conducted. The Supreme Court denied Toala's motion as premature. After the two plaintiffs were deposed, Toala moved for leave to renew and reargue his prior motion. The court denied that branch of Toala's motion which was for leave to renew, in effect, granted that branch of the motion which was for leave to reargue, and, upon reargument, adhered to the original determination. Toala appeals.
The Supreme Court, upon reargument, properly adhered to the original determination since Toala failed to establish that the court overlooked or misapprehended any matters of fact or law [*2]in denying his motion for summary judgment dismissing Withers's counterclaim asserted against him (see CPLR 2221[d][2]).
However, the Supreme Court should have granted that branch of Toala's motion which was for leave to renew and, upon renewal, granted his motion for summary judgment dismissing Withers's counterclaim asserted against him.
"'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Hasan v City of New York, 183 AD3d 572, 573, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Nowak v Benites, 152 AD3d 613, 614; see Blasso v Parente, 79 AD3d 923, 925).
Here, the deposition testimony elicited after the denial of Toala's prior motion, which provided a proper basis for seeking leave to renew (see Blasso v Parente, 79 AD3d at 925; Morales v Coram Materials Corp., 64 AD3d 756, 758), demonstrated that Toala's vehicle came to a complete stop at a red traffic light before it was struck in the rear by the vehicle operated by Withers. Based on this evidence, Toala established his prima facie entitlement to judgment as a matter of law (see Vespe v Kazi, 62 AD3d 408, 409; Mankiewicz v Excellent, 25 AD3d 591, 592). In opposition, Withers failed to raise a triable issue of fact as to whether any alleged negligence on the part of Toala was a proximate cause of the accident.
RIVERA, J.P., AUSTIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court