Tenezaca v State of New York (2023 NY Slip Op 05414)

Tenezaca v State of New York

2023 NY Slip Op 05414

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-08375

[*1]Susana Tenezaca, respondent, 
v
State of New York, appellant. (Claim No. 133121)

Letitia James, Attorney General, New York, NY (Judith N. Vale, Eric Del Pozo, and Kristin C. Holladay of counsel), for appellant.
Ferro, Kuba, Mangano, P.C., Hauppauge, NY (Michael N. Manolakis of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Court of Claims (Gina M. Lopez-Summa, J.), dated November 29, 2021. The interlocutory judgment, upon an order of the same court dated October 5, 2021, inter alia, granting the claimant's motion, in effect, for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence and culpable conduct on her part and determining that the defendant was 100% at fault in the happening of the accident, is in favor of the claimant and against the defendant on the issue of liability.
ORDERED that on the Court's own motion, the notice of appeal from the order dated October 5, 2021, is deemed to be a premature notice of appeal from the interlocutory judgment (see CPLR 5520[c]); and it is further,
ORDERED that the interlocutory judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the claimant.
The claimant commenced this claim to recover damages for personal injures she allegedly sustained when the vehicle she was operating was struck in the rear by a dump truck owned by the defendant, the State of New York, and operated by its employee, Brian Fitzgerald, on the South Service Road of the Long Island Expressway near its intersection with Route 112. The claimant moved, in effect, for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence and culpable conduct on her part. The Court of Claims, inter alia, granted the claimant's motion, determining that the defendant, through its agent, was 100% at fault in the happening of the accident. An interlocutory judgment was entered in favor of the claimant and against the defendant on the issue of liability. The defendant appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall [*2]Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). "A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability" (Xin Fang Xia v Saft, 177 AD3d 823, 825; see Rodriguez v City of New York, 31 NY3d 312). However, while "a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff" (Sapienza v Harrison, 191 AD3d 1028, 1029; see Seizeme v Levy, 208 AD3d 809, 810).
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). Thus, "a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Drakh v Levin, 123 AD3d 1084, 1085; see Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 814). "Although a sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision, vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her vehicle and the vehicle ahead" (Quintanilla v Mark, 210 AD3d 713, 714 [internal quotation marks omitted]; see Arslan v Costello, 164 AD3d 1408, 1409).
Here, the claimant established her prima facie entitlement to judgment as a matter of law on the issue of liability through the deposition testimony of herself and Fitzgerald, which demonstrated that the claimant was stopped for a traffic condition ahead when her vehicle was struck in the rear by the truck operated by Fitzgerald (see Genao v Cassetta, 214 AD3d 626, 627; Quintanilla v Mark, 210 AD3d at 714). The claimant also established her prima facie entitlement to judgment as a matter of law dismissing the defendant's affirmative defense alleging comparative negligence and culpable conduct on her part by demonstrating that she was not at fault in the happening of the accident (see Seizeme v Levy, 208 AD3d at 811). Although Fitzgerald testified that the claimant came to an abrupt stop prior to the collision, he admitted that, just prior to the collision, he took his eyes off the road ahead of him and took his foot off the brake. He further testified that when he looked back in the direction he was traveling, the claimant's vehicle was stopped in front of him. Under these circumstances, the accident was attributable to Fitzgerald's own inattentiveness in taking his eyes off the road in front of him, and not to any negligence on the part of the claimant (see Clarke v Philips, 112 AD3d 872, 874-875; Hauswirth v Transcare N.Y., Inc., 97 AD3d 792, 793).
In opposition, the defendant failed to raise a triable issue of fact as to Fitzgerald's negligence or whether the claimant was comparatively at fault in the happening of the accident (see Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d at 814). Further, contrary to the defendant's contention, the claimant's motion was not premature (see Quintanilla v Mark, 210 AD3d at 714-715).
Accordingly, the Court of Claims properly granted the claimant's motion, in effect, for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence and culpable conduct on her part.
IANNACCI, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court