Kashyap v Dasilva (2024 NY Slip Op 04308)

Kashyap v Dasilva

2024 NY Slip Op 04308

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2023-02606
 (Index No. 707944/22)

[*1]Mahesh Kashyap, et al., appellants,
v
Sebastiao Lemes Dasilva, respondent.

Nancy L. Isserlis (The Zweig Law Firm, P.C., Woodmere, NY [Daniel P. Rifkin and Ali Yusaf], of counsel), for appellant Mahesh Kashyap.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered January 31, 2023. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability insofar as asserted by the plaintiff Mahesh Kashyap and dismissing the affirmative defense alleging comparative negligence insofar as asserted against that plaintiff and the counterclaim, and denied the separate motion of the plaintiff Mahesh Kashyap for summary judgment dismissing the counterclaim.
ORDERED that the appeal by the plaintiff Manu Kanwar is dismissed as abandoned; and it is further,
ORDERED that the order is reversed insofar as appealed from by the plaintiff Mahesh Kashyap, on the law, those branches of the plaintiffs' motion which were for summary judgment on the issue of liability insofar as asserted by the plaintiff Mahesh Kashyap and dismissing the affirmative defense alleging comparative negligence insofar as asserted against that plaintiff and the counterclaim are granted, and the separate motion of the plaintiff Mahesh Kashyap for summary judgment dismissing the counterclaim is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff Mahesh Kashyap.
The appeal by the plaintiff Manu Kanwar must be dismissed as abandoned, since the appellant's brief has been submitted only on behalf of the plaintiff Mahesh Kashyap (see U.S. Bank N.A. v Pierre, 210 AD3d 929, 929-930; Ocwen Loan Servicing v Ponce, 206 AD3d 1005).
The plaintiff Manu Kanwar was a passenger in a vehicle owned and operated by the plaintiff Mahesh Kashyap when it was struck in the rear by another vehicle. Although the rear vehicle fled the scene, it allegedly was identified by its license plate, which had fallen off that vehicle at the accident scene. The plaintiffs commenced this action against the defendant to recover damages for personal injuries allegedly sustained in the accident. In his answer, the defendant, inter alia, admitted to owning a vehicle bearing the license plate number identified in the complaint, asserted an affirmative defense alleging that the plaintiffs were comparatively at fault, and asserted [*2]a counterclaim against Kashyap.
The plaintiffs moved, inter alia, for summary judgment on the issue of liability insofar as asserted by Kashyap and dismissing the affirmative defense alleging comparative negligence insofar as asserted against Kashyap and the counterclaim. Kashyap also separately moved for summary judgment dismissing the counterclaim. In an order entered January 31, 2023, the Supreme Court, among other things, denied those branches of the plaintiffs' motion and Kashyap's separate motion.
Here, the papers submitted in support of the motions established, prima facie, that Kashyap was entitled to judgment as a matter of law on the issue of liability insofar as asserted by him. The plaintiffs' affidavits demonstrated, inter alia, that Kashyap's vehicle was stopped for the traffic condition ahead when it was struck in the rear by the defendant's vehicle and that the defendant, as the owner of the vehicle, was negligent (see Vehicle and Traffic Law §§ 388, 1129[a]; Tenezaca v State of New York, 220 AD3d 959; Genao v Cassetta, 214 AD3d 626, 627). In opposition, the defendant failed to raise a triable issue of fact. In his affidavit in opposition to the plaintiffs' motion, the defendant merely averred that he was not operating his vehicle at the time of the accident. However, this was insufficient to overcome the statutory presumption of permissive use under Vehicle and Traffic Law § 388(1) (see Rodriguez v Morales, 217 AD3d 695, 696; Han v BJ Laura & Son, Inc., 122 AD3d 591, 593), and it was also insufficient to raise a triable issue of fact as to whether his vehicle was not involved in the accident (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The papers submitted in support of the motions also demonstrated, prima facie, that Kashyap was entitled to judgment as a matter of law dismissing the affirmative defense alleging comparative negligence insofar as asserted against him by demonstrating that he was not at fault in the happening of the accident (see Tenezaca v State of New York, 220 AD3d 959; Quintanilla v Mark, 210 AD3d 713, 714). The papers submitted in support of the motions also demonstrated Kashyap's prima facie entitlement to judgment as a matter of law dismissing the counterclaim (see Toala v EAN Holdings, LLC, 191 AD3d 724, 726; Staton v Illic, 69 AD3d 606, 607). In opposition, the defendant failed to raise a triable issue of fact. Regardless of who was operating the defendant's vehicle at the time of the accident, Kashyap was not negligent in causing the accident. Contrary to the defendant's contention, the motions were not premature.
Accordingly, the Supreme Court should have granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability insofar as asserted by Kashyap and dismissing the defendant's affirmative defense alleging comparative negligence insofar as asserted against Kashyap and the counterclaim, as well as Kashyap's separate motion for summary judgment dismissing the counterclaim.
BARROS, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court